# Hill *against* Roderick.

The declarations of a tenant for life in possession cannot be given in evidence to affect the title of one who claims, not through him, but paramount to him.

A tenant for life can make no agreement affecting the estate which will bind him in remainder, nor will he with whom the agreement is made, or his privy, be bound by it; for a contract binds both parties or neither.

ERROR to the Common Pleas of *Fayette* county.

Jonathan Hill against John Roderick and others. This was an action of ejectment. Both parties claimed under John Tate, Sen., who, by his last will and testament, thus devised the land in dispute:

" I further will and devise that my son Robert Tate shall have that part of the plantation whereon I now live, to contain 170 acres, to live upon and make use of during his life, and at his de-

IV. — T *

[Hill v. Roderick.]

cease to be equally divided amongst his children; and further, I will that my son John Tate shall have and fully possess and enjoy the residue of the plantation I live upon, to be disposed of as he pleases."

The plaintiff claimed title under John Tate, and the defendants under the children of Robert Tate, who was dead. John Tate was called as a witness by the defendants, and said that his father died in 1799, and that he and his brother Robert agreed upon, ran and marked a line of division between them in the year 1800, which was ever since adhered to by both parties. The validity of this line was the subject of the dispute.

The plaintiff then offered to prove the declarations of Robert Tate in his lifetime, and while he resided upon the land, as to the alleged line of partition and the extent of the agreement between him and John. The defendant objected to the evidence, and it was overruled by the court, who sealed a bill of exception.

The positions taken by the plaintiff were: that the agreement between the devisees could bind only during the life of Robert, who was but tenant for life; and if such agreement was not effectual to bind both, it would bind neither.

The court below was of opinion, that whether Robert Tate had the power to bind his children or not was immaterial, inasmuch as they did not now gainsay the act; but if John, under whom the plaintiff claimed, agreed to the line of partition, which had so remained for 40 years, the plaintiff claiming under him was bound by it, and could not recover in this action, which depended upon its validity.

*Patterson* and *Deford*, for plaintiff in error. There can be nothing clearer than the plain proposition, that a tenant for life has no authority to affect the nature or amount of the estate of him in remainder. *Co. Lit.* 42, *a.*; 4 *Com. Dig.* 62; 1 *Term Rep.* 86. If, then, the agreement alleged by the defendants was not binding upon both parties when it was made, either John or the plaintiff claiming as his privy, may avoid it at any time. We should have been permitted to show by the declarations of Robert that the agreement was to last only during his life. The declarations of a tenant in possession as to a question of boundary may be given in evidence. 2 *Dall.* 92; 4 *Serg. & Rawle* 374; 2 *Serg. & Rawle* 70; 5 *Serg. & Rawle* 257; 9 *Serg. & Rawle* 74; 10 *Serg. & Rawle* 63, 273, 352; 1 *Watts* 152; 1 *Watts & Serg.* 249; 6 *Watts* 388.

*Howell* and *Dawson*, for defendant in error. The defendants claim under the children of Robert Tate, and not under Robert Tate himself, and therefore his declarations could not be given in evidence to affect their title. 3 *Watts* 355; 1 *Serg. & Rawle* 526; 1 *Watts* 154; 4 *Watts* 317; 1 *Stark. Ev.* 51. The agreement between the brothers was binding and effectual, at least so long as

[Hill v. Roderick.]

they agreed to it, and if it lasted during the life of Robert, and was known and recognised by his children after his death, who confirmed it by insisting upon its validity in this action, both they and those claiming under them are bound by it.

PER CURIAM.—The declarations or admissions of Robert Tate, though made when he was seised for life, were not evidence against the defendants, who stand in no privity to him. His father devised the land to him expressly for life, and it is clear that the admissions of a tenant in possession are not competent to affect one who claims, not through him, but paramount to him. But for the reason that the rejection of the evidence was right, the direction in relation to one of the points was wrong. Robert had no power to bind any person but himself, and the agreement to establish a line betwixt him and John, though mutually binding during his lifetime, ceased to be so at his death. It did not bind his children, or their privies, because they derived title paramount to him; and it ceased to bind John, or the plaintiff, his privy, because it is an unbending rule of the common law, that a contract binds both parties or neither of them. The Judge thought it immaterial whether Robert's act had bound his children, because they did not gainsay it; but they might have gainsaid it, and, for that reason, so may the plaintiff.

Judgment reversed, and *venire de novo* awarded.