## CHARLES N. JOHNSON *vs.* RUSSELL CHAPMAN.

An act passed in 1865 provided that the interest of a married man in the real estate of his wife should not be taken by attachment against him during the life of the wife or of any child of the marriage.   A creditor attached a husband's in'terest in his wife's real estate and the suit was pending when the act was passed. The act contained a provision that it should not affect any suit then pending. Subsequently the creditor obtained judgment, and after the lien of his attachment had expired levied his execution upon the husband's interest in his wife's real estate.   Held that the provision of the statute that it should affect no suit then pending, was not limited in its effect to a preservation of the attachment lien in any such suit, but was intended to except the suit itself and any judgment obtained thereon from the operation of the statute, and that therefore an execution issued upon such a judgment could at any time thereafter be levied upon the husband's interest in the wife's real estate.

BILL to redeem mortgaged premises, brought to the Superior Court in New Haven county, and reserved on facts found for the advice of this court.   The point decided in the case will be fully understood from the opinion without a statement of the facts.

*Baldwin*, for the petitioner.

*C. R. Ingersoll*, for the respondent.

BUTLER, J.  The petitioner has brought his petition, claiming to own the entire equity of redemption, against the respond-dent as assignee of the mortgage, seeking to redeem.

Among other defences the respondent claims to own a part of the equity of redemption by virtue of the levy of an execution thereon.   It is clear that if he is such part-owner the bill must be dismissed, and a consideration of the other questions raised in the case will be unnecessary.   Has the respondent then an interest in the equity of redemption ?

The mortgage was made by a husband and wife and the fee of the property was in the wife.   The respondent brought his suit and attached the husband's interest or life-estate in the equity of redemption, prior to the passage of the act of 1865,

which exempted such a life-estate from attachment, and the suit was pending when the act was passed. Subsequently, and after the act took effect, the respondent obtained a judgment in the suit, and levied his execution about seven months after the date of the judgment, upon the equity in question, and had a fractional part of the husband's interest in it set off.

The respondent concedes that he took nothing by such levy unless his right so to levy was saved by the exempting clause of the act. That clause was in these words: " This act shall not affect any suit now pending." The suit of the respondent was then pending, and the respondent claims with seeming truth, that, as against any right which he had, or could enforce, by virtue of that suit against the life-estate of the debtor by the levy of an execution, which was but a stage in the proceedings described by the word suit, the statute was intended to be inoperative.

The petitioner claims, in the first place, that it is inferable from the finding of the committee that the consideration of the original conveyance to the wife moved from her, and was from her separate earnings or estate, and that therefore the husband had no attachable interest in the premises when the suit of the respondent was commenced, but we cannot assent to that claim. The committee found simply that the consideration was a valuable one, and there is no finding or presumption that it moved from the wife or was part of her separate earnings or estate.

The petitioner claims, in the second place, that the legislature intended by the exempting clause in the act of 1865, to save to the respondent and others similarly situated, such rights of *lien* as the parties had acquired by their pending suits, and intended nothing more, and that as the respondent did not levy his execution until after his attachment lien had expired, he took nothing by the levy.

We think otherwise.

The exemption in the act of 1865 was in a separate section and constituted the whole of it. The words standing thus disconnected and unqualified import all that they express. The subject-matter of the act was the protection of life-estates by

curtesy, then liable to be appropriated by suit to the payment of debts, from being thus appropriated. The object of the saving section apparently was, to prevent the law from being operative as between creditors and debtors, where a suit was pending. The levy, or the service of an execution upon the property of a debtor, is the closing or final stage of the proceeding or suit and as much a part of it as any other. If therefore the law should be permitted to operate to prevent the levy of an execution, obtained in a suit then pending, upon a life-estate then existing, it would unquestionably *affect the suit,* for it would prevent the levy or service of an execution upon the species of property contemplated by the act. In this connection the language of the act itself is suggestive. It is that the interest of a married man in the real estate of his wife shall not be taken by attachment *or execution* against him &c. And we think, taking the language of the act and the proviso together, the claim of the respondent's counsel is correct, and that they should be construed as if they were thus expressed : " The interest of a married man in the real estate of his wife &c. shall not be taken by attachment or execution in any suit not now pending." If the legislature had simply intended to preserve liens, we think a different phraseology would have been used.

Under this construction of the law, the respondent had a right to levy his execution at any time after judgment, if there was no intervening conveyance or change to prevent, and irrespective of the lien which he acquired by attachment.

It follows that by the levy of his execution the respondent acquired an interest in the equity of redemption, and that the bill must be dismissed.

In this opinion the other judges concurred.