| 57 | 511 |
| 62 | 436 |

PATRICK FITZGERALD vs. ELIZABETH BRENNAN AND OTHERS.

New London Co., May T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Where known and fixed monuments mentioned in a deed do not agree, so that the boundary line can not pass through all of them, some must be disregarded, and it is the duty of the triers to decide which.

A husband who is in occupation as tenant by the curtesy can not make any admissions as to the title that will affect the interest of his wife.

[Argued June 28th—decided September 13th, 1889.]

ACTION to recover possession of land; brought to the Court of Common Pleas of New London County, and tried to the court upon a general denial, before *Crump, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendants. The case is sufficiently stated in the opinion.

*W. C. Noyes,* with whom was *S. Park,* for the appellants.

*H. A. Hull,* for the appellee.

ANDREWS, C. J.   In an action in the nature of ejectment tried in the Court of Common Pleas in New London County, the plaintiff claimed to recover the land conveyed by a deed to him from Juliette Moore and her husband, Ezra Moore. The deed is set out at length in the finding. The point of beginning, by the old harbor road, was not disputed. The point one hundred and fifty-three feet southerly therefrom, was found by the court to be at a point one foot northwesterly from the northerly corner of Mrs. Brennan's (the defendant's) front door yard fence; and that the line of the plaintiff's land ran from that point "southwesterly in a straight line about forty-four and one half feet to the center of the top of the northeasterly end of the wall." This latter line was the only one about which there was any contro-

versy. As the court establishes it, it did not pass over the center, but about two and half feet southerly from the small rock with a hole drilled in it, mentioned in the deed. The defendant insists that the court erred in not deciding that the line ran over the center of the small rock, and invokes the rule " that known and fixed monuments will control courses and distances." 1 Swift's Dig., 122. This is a useful rule, laid down for the assistance of courts in applying deeds to their subject matter so as to ascertain the land conveyed; but in cases where the known and fixed monuments do not agree with each other the court must of necessity decide between them. This is what the court did. The point by the side of the old harbor road was a fixed point; the point near the corner of the defendant's door yard fence was a fixed point; the end of the stone wall was a fixed point; each as much a fixed point as the rock with a hole in it. The court had before it the deeds of the defendant as well as the deed of the plaintiff, and apparently could not reconcile them so as to have the line pass through all these fixed points. Some one of them had to be disregarded. It was the duty of the court to decide which one.

Mary A. Sheridan, a witness in behalf of the defendant, testified that she was present shortly before the sale of the Moore land to the plaintiff, and saw the plaintiff, Mr. Moore and another man upon the Moore land, going over and measuring the same with tape lines. She was then asked: " What conversation, if any, did you at that time hear between Mr. Moore and Mr. Fitzgerald about the boundary line of Mrs. Brennan's land?" This question was objected to and excluded by the court, except under the condition that further proof of agency should be shown. As no further proof of agency was shown the answer was not received. The defendant duly excepted. The finding is meager and does not show what the defendant expected to prove by the answer of the witness; nor is it shown upon what ground the answer was claimed to have been admissible. It is

found that the land belonged to Mrs. Moore in fee, and that Mr. Moore was at that time tenant by the curtesy initiate.

A tenant by the curtesy initiate is seized of a freehold estate in his own right, and the interest of his wife is a mere reversionary interest depending upon the life estate of her husband. 1 Swift's Dig., 26; Coke Litt., 30 a, 124 b, 351 a: *Foster* v. *Marshall*, 22 N. Hamp., 491.

Mr. Moore, while upon the land of which he was the tenant for his own life, had some conversation about the boundary line of Mrs. Brennan, whose land adjoined his own land. It does not appear what he said. Presumably the witness Sheridan would have testified to some words used by him on that occasion from which it would be claimed that he had admitted the line of Mrs. Brennan's land to be in a place such as would be inconsistent with the claim made on the trial. It is stated in the defendant's brief that Mr. Moore was dead at the time of the trial. No such fact appears in the finding. But whether he was living or dead the evidence was offered and claimed, not for the purpose of affecting the life-estate of Mr. Moore himself in the land, but for the purpose of affecting the reversion which at the time of the conversation was owned by Mrs. Moore. A tenant for life, however, cannot make any admission that will bind the reversioner. 2 Wheaton's Ev., § 1161; *Hill* v. *Roderick*, 4 Watts & S., 221; *Post* v. *Morris*, 29 Geo., 374; *Papendick* v. *Bridgewater*, 5 El. & Bl., 166; *Foster* v. *Wardwell, supra;* *Mattock* v. *Stearns*, 9 Verm., 326; *Howe* v. *Malkin*, 40 Law Times (N. S.), 190.

The same rule applies to a tenant for years. *Smith* v. *Vincent*, 15 Conn., 1. Nor can a tenant in common make any admission that will affect the other tenants. 1 Greenl. Ev., § 176; *McLellan* v. *Cox*, 36 Maine, 95; *Dan* v. *Brown*, 4 Cowen, 483.

A tenant by the curtesy cannot even by a deed affect the estate of his wife in the land. "The husband acquires a right to the use of all the land or real estate of the wife during her life, and if he has a child by her and survives her, then for his own life, as tenant by the curtesy. The usu-

fructuary estate, as it may be called, in all cases endures for his life and is a freehold; but the wife continues to be the proprietor in fee, and on her death, if undisposed of, it will descend to her heirs. The husband can make no disposition of the estate for any longer term than his own life." 1 Swift Dig., 26. A husband cannot by any acts or declarations bind the property rights of his wife without her knowledge and consent. *Benedict* v. *Pearce and wife*, 63 Conn., 496.

There is no error in the judgment complained of.

In this opinion the other judges concurred.