JOSEPH W. LEWIS AND OTHERS vs. GEORGE W. PALMER AND OTHERS.

A testator made the following devise: "I give to my sister S the use of all the rest of my real estate during her natural life, and for her to dispose of as she may think proper." Whether S took a life estate or fee, Quære.

It is laid down by the authorities generally that a life estate created by express words is not enlarged to a fee by a power of sale.

In this case S had in her life time conveyed the property in fee to P. Held that, even if S took only a life estate, she had conveyed a fee to P.

There is no difference between a devise of real estate for life and a devise of the use of real estate for life.

EJECTMENT; brought to the Court of Common Pleas of Fairfield County. Facts found and case reserved for advice. The case is fully stated in the opinion.

*H. S. Sanford*, for the plaintiffs, cited *Brant* v. *Virginia Coal & Iron Co.*, 93 U. S. Reps., 326; *Weed* v. *Aldrich*, 2 Hun, 531; *Sheldon* v. *Rose*, 41 Conn., 371; *Allen's Exrs.* v. *Allen*, 18 Howard, 391; *Smith* v. *Bell*, 6 Peters, 74; *Boyd* v. *Stahan*, 36 Ill., 355; *Bradley* v. *Westcott*, 13 Ves. Jr., 445.

*S. Fessenden*, for the defendants.

CARPENTER, J. Polly Hoyt died testate, disposing of her property as follows:—"*Item.* I do give and devise unto my only sister, Sarah Palmer, my house, barn and other buildings, together with all my land or lands called the Homestead, together with my money in Bridgeport Bank, and all personal property of whatever name or nature, to her use and benefit forever, to sell, occupy, or any way she may please, except the burying ground as the fence now stands, with right of way from road south to and from said yard, for all heirs of Warren Hoyt.

"*Item.* I do give and devise unto my said sister, Sarah Palmer, the use of all the rest of my real estate that I may have or leave at my death, during her natural life, and for her to dispose of as she may think proper, right or just; and I do hereby give power and authority to my executrix to sell real or personal property as she may think best to make my estate clear from debt."

Sarah Palmer in her life time sold the property in dispute to one of the defendants, who now claims title as her grantee. The plaintiffs claim title as heirs at law of Polly Hoyt.

It is undoubtedly true as a rule that the gift or devise of property generally, with power to sell and with no subsequent limitation, carries an estate in fee. So far the authorities seem to agree. So too if the language of the will leaves it in doubt whether a life estate or fee was intended the power

of disposal is generally regarded as conclusive in favor of a fee. Some of the cases cited by the defendants' counsel are of this description. *Ide* v. *Ide*, 5 Mass., 500; *Harris* v. *Knapp*, 21 Pick., 412; *Burbank* v. *Whiting*, 24 Pick., 146; *Jackson* v. *Coleman*, 2 Johns., 391; *Helmer* v. *Shoemaker*, 22 Wend., 137; *McKenzie's Appeal from Probate*, 41 Conn., 607.

There are cases however which hold a somewhat different doctrine. *Smith* v. *Bell*, 6 Peters, 74; *Brant* v. *Virginia Coal and Iron Company*, 93 U. S. Reports, 326; *Boyd* v. *Stahan*, 36 Ill., 355.

We find no case where a life estate created by express words is enlarged to a fee by the power of sale. There are cases where there is an apparent life estate with power of disposal, but without any disposition of the remainder, in which it is held that the devisee takes a fee. There are other cases where there is a devise of an estate generally, with an express power to sell, in which it is held that the devise over of the remainder is void for repugnancy. But we think none of the cases go so far as to disregard the obvious and acknowledged intention of the testator. All seem to regard that when discovered as conclusive. Courts differ widely as to what the intention is, and oftentimes different courts will draw different conclusions from similar language, and sometimes even from language precisely identical. But usually there will be found something in the will, or something omitted, or something in the situation and circumstances of the estate and the parties interested, to account for these apparent differences; and most of them, it is believed, may in that way be reconciled.

But there are other cases to be noticed which seem to have a more direct bearing upon the case before us. Some hold that where an estate is expressly given for life, with power to sell, and the power has been exercised, the purchaser takes an estate in fee. Others hold that the power to sell is limited to the life use, and that the conveyance does not carry a fee.

We will briefly notice the more important of these cases, and discover, if possible, in which direction the current of authority is.

The case of *Bradley* v. *Westcott*, 13 Vesey Jr., 445, was a "bequest of personal estate to the sole use of the testator's wife *for life*, to be at her full, free and absolute disposal during her life without being liable to any account," and after her decease certain articles specified and £500 were to go according to her appointment by will, and in default of appointment to fall into the residue, which was disposed of. Sir William Grant, M. R., said:—"As the testator has given to her in express terms an interest for her life, I cannot under the ambiguous words afterwards thrown in extend that interest to the absolute property. I must construe the subsequent words with reference to the express interest for life previously given, that she is to have as full, free and absolute disposition as a tenant for life can have, and there is a further direction immediately following for the purpose of preventing those who may have claims under the subsequent part of the will from disturbing her during her life by calling for inventories or other accounts."

Here was strong evidence in the language of the will that the testator intended that the power to sell should extend to the life estate only.

The case of *Smith* v. *Bell*, 6 Peters, 68, was where a legacy of personal property (consisting of slaves) to a wife to and for her own use and benefit and disposal absolutely, remainder after her decease to be for the use of the testator's son, was held to create a life estate in the wife with a vested remainder in the son. In that case it will be noticed that stress is laid upon the nature of the property and the relation of the legatees to each other and to the testator; and also upon the fact that there was a disposition of the remainder, and that in that disposition was found the only provision for the son.

In *Brant* v. *The Virginia Coal & Iron Company*, 93 U. S. Reports, 326, the testator gave to his wife all his estate, real and personal, "to have and to hold during her life, and to do as she sees proper before her death." It was held by a majority of the court that the wife took a life estate in the property with only such power as a life tenant can have.

In *Boyd* v. *Stahan*, 36 Ill., 355, it is held, as a general rule, that "where a will bequeaths personal property to be at the absolute disposal of the legatee, he becomes, in the absence of all clauses showing a contrary intent, the absolute owner." The will bequeathed personal property to the wife, "to her and her heirs and assigns forever." The next clause gave to her "all his personal property of every description not herein enumerated or otherwise disposed of in this will, to be at her own disposal and for her own proper use and benefit during her natural life," with a limitation over in favor of heirs. It was held that the wife took a life estate only.

That case was like this in one respect; there was an absolute legacy to the wife in one clause, immediately followed by another giving her a life estate with power to dispose of it. But it was materially different in another respect—there was a bequest over in that case; in this there is none. The court gathered from the language and from the whole scope of the will that the testator intended a life estate only.

On the other hand it has been held by courts whose decisions are justly entitled to great weight, that while a life estate only in express terms will not be enlarged to a fee by the power of sale, yet if the power is exercised by the life tenant the purchaser will take an estate in fee. *Ramsdell* v. *Ramsdell*, 21 Maine, 288; *Shaw* v. *Hussey*, 41 Maine, 495; *Hale* v. *Marsh*, 100 Mass., 468; *Cummings* v. *Shaw*, 108 Mass., 159. In the case of *Gifford* v. *Choate*, 100 Mass., 346, the court declined to accept as law the doctrine enunciated in *Smith* v. *Bell*, 6 Peters, 68.

If these authorities are law, the decision of this court in *Hull* v. *Culver*, 34 Conn., 403, might have been very properly placed upon that ground; for the defendant, in whose favor the decision was, was a purchaser from the life tenant. But the point was not discussed by counsel. It being conceded that the devisee took an absolute estate, the court assumed that to be the law without considering it, and passed to the consideration of other questions. That case therefore can hardly be regarded as an authority for the doctrine that the mere power of sale will convert what is otherwise clearly a

life estate into an estate in fee.   But the power having been exercised, according to the doctrine prevailing in Maine and Massachusetts, the purchaser took an estate in fee.

The cases referred to in those states are of comparatively recent date, and seem to have been made with full knowledge that a different doctrine prevailed in some courts of the highest respectability.

In the case of *Hale* v. *Marsh*, (supra,) the testator gave to his wife all his property, real and personal, "freely to be possessed, used and enjoyed by her for and during the period of her natural life, with full and absolute power and authority to sell and dispose of the whole or any part or portion of the same, whether real or personal, at her own pleasure, and to manage, use and improve the same according to her discretion," with full power to spend the principal if she desired, and to dispose of any that might remain unexpended by will. Then there was a devise over to certain relatives of the testator.   It was held that she could convey the real estate in fee.

In the case of *Cummings* v. *Shaw*, 108 Mass., 159, the testatrix gave all her property, real and personal, to her husband, "for and during his natural life, with the right to dispose of the same as he shall think proper," with no devise over.   It was held that he could give a good title in fee to the real estate.   Chapman, C. J., says:—"'The right to dispose of the same' clearly refers to the property itself and not merely to the estate in it.   It includes the real as well as the personal property, and there is no devise over.   This clause gives to the plaintiff either an estate in fee, on the ground that power to convey an absolute estate is an attribute of ownership and carries with it a fee, or it gives an estate for life with a power to convey an absolute estate; and upon either construction the plaintiff is able to convey to the defendant a fee simple and thus perform his contract."

Upon a careful consideration of the cases bearing upon this subject our conclusion is that the rule thus established is a reasonable one.   It is not an arbitrary rule which will require the intention of the testator to be disregarded, but is

subordinate to that, and will aid materially in many cases in carrying it into effect.

Conceding that the second clause of the will in question was intended to vest in Sarah Palmer a life estate only, the case falls within that rule, unless the expression, "for her to dispose of as she may think proper, right or just," refers to the use and not to the estate itself. That is the plaintiffs' claim. If that is the true meaning of the will then the words quoted are without force, for the power to dispose of the life use existed without them. The rule requiring us to give effect, if possible consistently with the rules of law, to all the language of the will, will attach a meaning to the phrase quoted; and if we give it any meaning at all we must regard it as meaning the estate and not the mere use.

The argument of the plaintiffs is based in part upon the phraseology of the devise—"the use of all the rest of my real estate that I may have or leave at my death, during her natural life, for her to dispose of, &c." There is no substantial difference between giving real estate for life, and the use of real estate for life. They both mean the same thing. The distinction is all in the words and not in the meaning, and too shadowy to admit of, much less to require, a difference in construction. The cases cited in which the power to sell has been limited to the use do not rest at all upon any supposed distinction of this character. They gather the intention from the whole scope of the will, aided by the nature of the property and the condition and circumstances of the devisees. Here there is nothing of the kind to indicate such an intention. The parties to be benefited by such a construction are not children but collateral relatives; and it does not appear that they were dependent upon the bounty of the testatrix, or that she was under any obligation to provide for them. She has not done so, and the fact that there is no disposition of the remainder is significant; and although not conclusive is strong evidence that she did not intend to do so. The intention must be inferred if at all from the naked language of the devise; and that, as we have seen, is insufficient to warrant the inference.

The Superior Court is advised that George W. Palmer, by his deed from Sarah Palmer, received a title to the premises in fee simple, and that the defendants are entitled to a judgment.

In this opinion PARDEE and GRANGER, Js., concurred; PARK, C. J., and LOOMIS, J., dissented as to the construction of the will.