SMITH R. GLOVER, EXECUTOR, *vs.* MARY B. STILLSON AND OTHERS.

Fairfield Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testator gave certain estate to his sisters *P* and *M* " for the term of their natural lives, with power to dispose of any portion of the estate if they should desire." He then provided that, " after the decease of both my said sisters," a part of the property should go to certain relatives and the residue to an orphan asylum. The income was sufficient for the support of the sisters, making the use of any of the principal for that purpose unnecessary. Held.—

1. That the life estate given by the will was not enlarged into a fee by the power of sale.
2. That the power of sale was not limited to their life interest, but extended to the principal of the estate, the purchaser taking a fee, and they a life estate in the proceeds of the sale.
3. That the power of sale could be exercised by the sisters only by deed and jointly, and therefore only during their joint lives.
4. That the survivor took the use of the whole estate and not of a half only.

[Argued May 9th—decided July 6th, 1888.]

SUIT for advice as to the construction of a will; brought to the Superior Court in Fairfield County, and reserved, upon facts found, for the advice of this court. The case is sufficiently stated in the opinion.

*D. Davenport* and *W. H. O' Hara*, for the plaintiff.

*R. E. DeForest*, with whom was *J. E. Walsh*, for Florence G. M. Stillson.

*S. Judson, Jr.*, for Cortez Wheeler, Sarah A. Pierson and Mary M. Stillson.

*E. H. Hyde, Jr.*, for the children of John P. Stillson.

*H. S. Sanford*, for the Bridgeport Protestant Orphan Asylum.

CARPENTER, J. This is a suit to obtain a construction of the will of Abel Stillson. By it he disposed of his property, after a small legacy to a cemetery association, as follows:

"*Second.* I give, devise and bequeath the residue of my estate, both real and personal, unto my sisters Polly A. Stillson and Mary B. Stillson, for the term of their natural lives, hereby empowering my said sisters to dispose of any portion of my estate, either real or personal, if they should so desire.

" *Third.* After the decease of both of my said sisters, I give and bequeath to each of the children of my nephew, John P. Stillson, now residing at Hartland, Vt., the sum of one thousand dollars absolutely.

" 2. I give and bequeath to my nephew, Frank A. Stillson, now residing at Rutland, Vt., the sum of one thousand dollars after the decease of my said sisters Polly A. Stillson and Mary B. Stillson.

" 3. All the residue of my estate, both real and personal, I give, devise and bequeath unto the Bridgeport Protestant Orphan Asylum, located in the town of Bridgeport, Fairfield County, Connecticut, after the decease of my said sisters."

The first question for our consideration is—What estate do Polly A. and Mary B. Stillson take in the real and personal property of the testator under the will? Is it a life estate or an estate absolute and in fee?

In behalf of the executors, and of the devisees and legatees of the remainder, it is contended that they take a life estate only. In behalf of Mary B. Stillson, the surviving sister, it is contended, either that the whole will is void or that the sisters take a fee.

The several provisions of the will are distinct and independent. The gifts to the cemetery association, to the children of John B. Stillson, and to others, are clear and direct, and entirely free from uncertainty or ambiguity. They do not depend upon the estate given to the sisters otherwise than that they are postponed until the termina-

tion of that estate. That being so, there is no ground on which we can hold them to be void. The only element of uncertainty is that which attaches to the provision for the sisters. If that should be declared void perhaps the other provisions in the will would take immediate effect; and we suspect that that is a result which the counsel who make the claim do not contemplate and do not desire. The doubt or uncertainty is not of such a nature as to require us to pronounce any portion of the will void.

We now come to the main question—does the second clause give a life estate or a fee? There are two methods of construing wills: one is to ascertain the intention of the testator and give effect to that so far as it is consistent with the policy of the law. Within those limits all artificial rules of construction must yield to the intent. The other is to apply legal rules and construe the language used accordingly. In the latter case it cannot be denied that the intention of the testator is often defeated. This case affords an excellent illustration. We are asked to say as matter of law that the power of sale enlarges an express life estate to a fee. If we do so what becomes of the intention of the testator? His intention to give pecuniary legacies to the parties named and the residue to the orphan asylum, is just as certain and, we may add, just as provident, as the intention to provide for his sisters; and that intention, by the construction contended for, is wholly defeated. The power of sale may, in doubtful cases, aid in ascertaining the intention; but to give it an artificial and technical force and thereby defeat the manifest intention of the testator, is wholly inadmissible. Clearly this is not a case where the power of sale will convert an express life estate into a fee. *Lewis* v. *Palmer*, 46 Conn., 454; *Stuart* v. *Walker*, 72 Maine, 145; *Walsh* v. *Woodbury*, 144 Mass., 542.

The answer to the first question is that the sisters took a life estate.

2. Is the power of the said Polly A. and Mary B. to dispose of the real and personal estate under the will limited to a

life interest in the property or does it extend to a fee so as
to defeat the legatees in remainder?

The language is explicit and comprehensive—" any portion
of my estate." The power of sale is not limited to the life
interest or income, but extends to the principal, so that a
proper exercise of the power will convey to the purchaser a
fee. *Lewis* v. *Palmer, supra; State of Connecticut* v. *Smith,*
52 Conn., 562.

3. Could the power to dispose of such interest be exer-
cised by them separately during the lifetime of both, or
must they join?

The will is silent as to the purpose for which the power
of sale is given, and as to the disposition to be made of the
proceeds. It will hardly be presumed that the testator in-
tended that the sisters should take a fee in them, and it
does not seem to be a case in which the testator is providing
for a possible deficiency in the income to suitably support
the life tenants. The sale does not depend upon their
needs, but upon their desire. The ordinary provision that
the principal may be used for their support, if necessary, is
wanting. The estate is considerably over $13,000, and
there is no intimation that the income is not ample for their
wants. The life tenants are simply authorized to change
the investments if they so desire; and we do not feel justi-
fied in so construing the will as to give them a greater
power. It is not unlike the case of an ordinary power com-
mitted to two or more persons, not coupled with an interest.
All must join in executing the power unless the words used
indicate a contrary intent. A contrary intent does not
appear in this case. The power is joint and not several;
therefore the joint action of the two is required.

4. This practically answers the fourth question, that the
power must be executed by deed and not by will.

5. It also answers the fifth question in the negative, that is,
after the death of one the survivor cannot dispose of the
whole or any portion of the estate.

6. What portion does the surviving sister take under the
will—the whole or half?

The devise is to his two sisters by name "for the term of their natural lives;" and in disposing of the remainder, he prefaces the first item with the words, "after the decease of both my said sisters"; and in each of the remaining items he repeats, "after the decease of my said sisters." We think the words of the will fairly import an intention that the estate should continue until the death of the survivor.

7. In any event can the said Polly A. and Mary B., or the survivor, take or use anything but the income of the estate passing to them under the will?

Polly A. Stillson being dead, this question, so far as it relates to both sisters, is purely speculative, and requires no answer. So far as the survivor is concerned, it is practically disposed of in our answer to the third question. The survivor having no longer the power to sell, the question can never arise.

The Superior Court is advised to render judgment accordingly.

In this opinion the other judges concurred.