## In re Estate of Susan E. DuPlaine, deceased. Appeal of Benoni C. DuPlaine.

*Trusts and trustees—Joint and several trust—Devastavit—Mortgage to protect one cestui que trust will inure to all.*

Whenever one person is placed in such relations to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated.

Where a mother gives all her residuary estate to a trustee to pay one half of the income to a son, and one half of the income to a daughter, she does not give one half of the principal to be held for each, but gives it to be held jointly in trust for both. In such a case if the brother learns that the trustee is embarrassed financially, and secures from him a mortgage on his property, to protect the brother, without informing his sister, the sister will be entitled, in case of a devastavit, to share in the benefit of the mortgage.

Argued March 21, 1898. Appeal, No. 118, Jan. T., 1898, by Benoni C. DuPlaine, from decree of O. C. Phila. Co., July T., 1896, No. 15, on petition and answer. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Petition to compel the respondent to assign a bond and mortgage to a trustee substituted in the place of a testamentary trustee.

The facts appear by the opinion of FERGUSON, J., which was as follows:

The petitioner and respondent are brother and sister. Their mother by her will gave all the rest, residue and remainder of her estate to a trustee in trust to manage the same and collect and receive the rents, issues and profits thereof and "pay in semi-annual installments one full one-half part of net rents, income, interest, dividends and profits unto my son, Benoni C. DuPlaine, for and during all the term of his natural life," etc. And the "said trustee shall pay the remaining one-half part of the said net rents, interest, income, dividends and profits in semi-annual installments unto my said daughter, Helen Augusta C. Childs, for and during the full term of her natural life," etc. In the case of the death of either of the said life tenants, the principal was to go to their children, with, however, a power of disposition otherwise by will, and in default of children or a will, then cross remainders from one to the other. The brother had accidentally learned that the trustee was in an embarrassed condition financially and went to him and insisted upon a settlement for his one half of the principal sum which was in his hands as trustee, and under pressure of threatened arrest, etc., received from him a mortgage upon some real estate for exactly one half of the trust estate. The brother for several years concealed all knowledge of the insolvent condition of the trustee from his sister, and also the fact that he had tried to protect himself by securing this mortgage. This he now claims he holds for his own benefit alone, and that his sister has no interest therein. Such are briefly stated the facts.

It is hard to find language sufficiently strong to condemn the conduct of a brother who would thus try to secure himself and leave his sister in the lurch, and after he supposed he was himself secure not to give her the knowledge by which she might have been able to secure herself also; but the case is not to be decided upon any sentimental considerations, but upon the law as applicable to the facts as they are presented.

It will be observed that the trust is a joint one, and although the trustee in an account filed divided the fund in half and stated that he held one half for one and the other half for the other of the cestuis que trust, there was no distribution so decreed, and in fact there could not be any separation of this fund under the will of the testatrix until one or the other of the cestuis que trust died, when other interests might intervene.

The mother gave all her residuary estate to this trustee to pay one half of the income to the son and one half of the income to the daughter. She did not give one half of the principal to be held for each, but it all is to be held jointly in trust for both. In Aubert's Appeal, 119 Pa. 52, and in Wilen's Appeal, 105 Pa. 121, the Supreme Court laid down the law that where an estate is so given for two persons it is to remain intact until the time for distribution arrives, because " We cannot say," to use their language, " that a moiety of the income of the whole may not be more valuable to the surviving life tenant than the whole of the income of the moiety." The time for the distribution of this fund has not arrived and, therefore, there can be no distribution or division of it, and in case of a devastavit, as has here happened, anything that the vigilance of either of the cestuis que trust or any one else has rescued from the wreck must inure to the benefit of both of them. It has been settled that where there is a community of interest there is a community of duty, each of those interested must be faithful to himself and equally as well to all the others interested. He can secure no advantage over the others, because he has found out something they do not know, or because perhaps he is in a better position to protect himself than are they. The rule of law stated in Keech v. Sanford, 1 Leading Cases in Equity, page 64 (4th Am. ed.), has been followed in numerous cases in this state : " Whenever one person is placed in such relations to another by the act or consent of that other, or by the act of a third person, or by the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated." This doctrine was enforced in Weaver v. Wible. 25 Pa. 270, the syllabus of which is as follows : " When several persons have a joint or common interest in an estate, one cannot purchase an encumbrance or an outstanding title, and set it up against the rest for the purpose of depriving them of their interests." Chief Justice LEWIS, in delivering the opinion, said : " Community of interest produces community of duty. . . . A conveyance to one of several tenants in common, or a deed to one of two devisees of the same land, shall enure to the benefit of all who came in under the same title, and are holding jointly

or in common. . . . Where several persons have a joint or common interest in an estate, it is not to be tolerated that one shall purchase an encumbrance or outstanding title, and set it up against the rest, for the purpose of depriving them of their interests. Chancellor KENT, with great truth, remarked that such a proceeding would be repugnant to a sense of refined and accurate justice, and would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties created. It is the duty of all to deal candidly and benevolently with each other and to cause no harm to their joint interests." To the same purpose, see Lloyd v. Lynch, 28 Pa. 419; Gibson v. Winslow, 46 Pa. 380; Kennedy v. Borie, 166 Pa. 360; McCutcheon v. Smith, 173 Pa. 101; Powell v. Lantzy, 173 Pa. 543.

The fact, which was so urgently pressed at the argument that it was not proved that any portion of these trust funds went into the particular property upon which the mortgage was given can make no difference. Whether they did or did not is immaterial. The only claim the respondent had upon the trustee was as a cestui que trust under this will. He was not a creditor in any other way. When this mortgage was given to him the consideration passing was that the trustee owed this trust estate money. Therefore anything that he received upon that account must in law, equity, morals and common decency be held by him in trust for his sister as well as himself.

The petition in this case is granted.

The court entered the following decree :

And now, February 6, 1897, this matter coming on to be heard on petition, answer, replication and proofs, and after argument of counsel and due consideration thereof, it is ordered, adjudged and decreed that the prayer of the petitioner be granted, viz : that the said Albert S. Letchworth, having admitted in this proceeding that he had misappropriated the trust funds, and is now insolvent, be dismissed as trustee under the will of Susan E. DuPlaine, deceased, that the bonds and mortgages, executed by Albert S. Letchworth and John Hoey respectively as mentioned in the petition and now held by the respondent, Benoni C. DuPlaine, are assets of the trust under the said will for the joint benefit of the petitioner and respondent and those

claiming under them respectively; and that the said respondent, Benoni C. DuPlaine, immediately upon the appointment of a trustee to succeed the said Albert S. Letchworth, is hereby ordered and directed to assign said bonds and mortgages to such. new trustee when duly qualified, to be held for the joint trust,. created under said will for the petitioner and respondent, and those claiming under them respectively, and to account to such new trustee for all moneys received or collected, upon said bonds and mortgages or either of them, and that the said respondent pay the costs of this proceeding.

*Error assigned* was the decree of the court.

*B. F. Fisher*, for appellant.—A trustee by a deed, ex maleficio, or appointed by the court of common pleas, is not subject to the powers of the orphans' court: Delbert's App., 83 Pa. 468; Fretz's App., 4 W. &. S. 433.

The orphans' court has no jurisdiction to try disputed questions of title or ownership: Odd Fellows Savings Bank's App., 123 Pa. 356; Ligget v. Bechtol, cited in 1 P. &. W. 441; Lloyd v. Lynch, 28 Pa. 419; Duff v. Wilson, 72 Pa. 442.

The sole principle of law invoked by the learned judge in support of the conclusion reached by him is the principle underlying a community of interest. Community of interest depends wholly upon joint ownership of the subject-matter. In every case cited by him there existed a joint ownership in the property, and one of the parties sought by the purchase of an outstanding interest to oust the title of his co-owner. No such condition of things or relationship existed in the present case: Landis' Est., 2 Phila. 217; Finney v. Finney, 16 Pa. 380.

*William C. Hannis*, for appellee.—The orphans' court had. jurisdiction: Winton's App., 97 Pa. 385; Odd Fellows Savings. Bank's App., 123 Pa. 356; Watts's App., 158 Pa. 1; Brooke's App., 102 Pa. 150.

The trustee having embezzled the assets, and being insolvent, it was an additional fraud on his part to attempt to secure one of the beneficiaries, and leave the other unsecured. It was equally a fraud in appellant, the joint beneficiary, when he discovered the embezzlement, to conceal that knowledge from his.

co-beneficiary, and to demand security to protect his own interests alone. When he did that he became a trustee ex maleficio for the whole trust estate: Ashmead v. Borie, 10 Pa. 154; Weaver v. Wible, 25 Pa. 270; Lloyd v. Lynch, 28 Pa. 419; Gibson v. Winslow, 46 Pa. 380; Fisher v. Hartman, 165 Pa. 16; Kennedy v. Borie, 166 Pa. 360; McCutcheon v. Smith, 173 Pa. 101; Powell v. Lantzy, 173 Pa. 543.

PER CURIAM, April 4, 1898:

There is no substantial error in the findings of fact in this case, and on the facts thus established the decree complained of is free from error. The questions involved were well considered and correctly decided by the orphans' court; and on its opinion the decree is affirmed and appeal dismissed at appellant's costs.