## CIRCUIT COURT OF BALTIMORE CITY.

Filed November 17, 1913.

THECKLE WASMUTH, ET AL.,

VS.

WALESKA BRUNNER, ET AL.

*Eldridge Hood Young* for plaintiffs.
*Louis Hochheimer* for defendants.

BOND, J.—

Upon study of this will, with the assistance of the arguments of counsel and the authorities they have cited, my conclusions upon the questions raised are these:

In the first place, Elizabeth K. Wasmuth was not given an estate in fee in the property devised. The will expressly describes the estate given as one "during the term of her natural life," and it is agreed by all courts, I think, that an estate expressly limited to the life of the devisee is not enlarged to a fee merely by the addition of a power of sale or other disposition. Given this rule, there is a dispute among the authorities on the question whether in the exercise of a power so annexed to a life estate a fee-simple estate may be conveyed. But as that question is not now involved in this case, the parties in interest all having agreed on the acceptance of the sale made, and having transferred their contest to the money proceeds, I need not discuss the views expressed by the Court of Appeals.

Russell vs. Werntz, 88 Md. 215.

Benesch vs. Clark, 49 Md. 497.

Smith vs. Bell, 6 Peters 68.

Bradley vs. Westcott, 13 Ves. 450.

Lewis vs. Palmer, 46 Conn. 454.

Gifford vs. Choate, 100 Mass. 346.

It is sufficient to say here that the intention of the testator, Henry Wasmuth, appears to me to have been that his widow should have all his property during her life with power to use and

enjoy the corpus during her life, and that his children should have all that remained, including as the will says "all * * * which may remain unused or appropriated by my wife," at the time of her death. Under this clause the widow could have sold this property and could have used the proceeds, or she could have used it without consumption, as she did. But I have concluded that she could not merely use it during life and then by her will divert it from the course directed by her husband's will, even though she previously appropriated it through the formality of a deed to herself. She could not by such a previous deed to herself enlarge the estate she received from her husband. That would, I think, be equivalent to raising one's self by one's boot straps.

The proceeds of the sale should follow the course directed by the will of Henry Wasmuth, and a decree will be signed accordingly.