In re Trusts under Will of Emma E. Young.

City National Bank of Clinton, trustee-appellee, v. Albert R. McCoy et al., claimants-appellees; Mrs. Seville Crawford Neuswanger et al., claimants-appellants; M. E. Mirth, ancillary administratrix of estate of Crawford McCoy, deceased, intervenor claimant-appellant.

No. 49018.

(Reported in 79 N.W.2d 376)

November 13, 1956.

Rehearing Denied January 18, 1957.

Carroll F. Johnson, of Clinton, and Don Hise, of Des Moines, for Margaret Kaminsky McCoy, Mrs. Seville McCoy Neuswanger, claimants-appellants, and M. E. Mirth, ancillary administratrix of the estate of Crawford McCoy, deceased, intervenor claimant-appellant.

Homer I. Smith, of Clinton, for City National Bank of Clinton, trustee-appellee.

E. C. Halbach and Lloyd G. Jackson, both of Clinton, for Albert R. McCoy, claimant-appellee, and Elise Schnell, executrix of the estate of Clara Lamb McCoy, deceased, claimant-appellee.

Holleran & Holleran, of Clinton, for Mrs. Jane Lamb Mc-Coy Daschbach, claimant-appellee.

Stanley Mayer, of Clinton, for Clinton Board of Park Commissioners, claimant-appellee.

PETERSON, J.—Emma E. Young departed this life testate on June 4, 1926. She had executed her last will and testament on March 2, 1926. Item 11, which is the provision involved in this action, is as follows:

"Eleventh. I hereby give, devise and bequeath to said Trustees, in trust, the sum of One Hundred Thousand Dollars ($100,000.00), the income whereof shall be paid quarterly or as received to my Niece, Clara Lamb McCoy of Clinton, Iowa, for and during the term of her natural life only, and upon her death the income shall be paid for the term of twenty-one years equally between her son and grandson, and shall neither son or grandson survive said twenty-one years, the principal of said trust fund shall be paid equally to the heirs of said Clara Lamb McCoy."

Albert R. McCoy and Seville Crawford (now Seville Crawford McCoy Neuswanger) were married on October 31, 1922. On October 2, 1923, a son, Crawford McCoy was born. Albert was the only son, and Crawford was the only grandson of Clara. Albert and Seville were divorced on April 30, 1925. Early in 1926 Albert and Dorothy Noble were married and on December 6, 1926, a daughter, now Jane Lamb McCoy Daschbach, was born. Crawford and Jane were Albert's only children. On March 15, 1943, Crawford McCoy married Margaret Kaminsky McCoy. Crawford departed this life intestate while a member of the Armed Forces on April 1, 1943, without issue, leaving surviving

him his widow, his mother, Mrs. Neuswanger, and his father, Albert R. McCoy. Clara Lamb McCoy, the first life tenant named in Item 11, departed this life March 3, 1955.

On June 10, 1955, City National Bank of Clinton, present trustee under the will, filed application in the District Court of Clinton County for construction of the will. The application was set down for hearing, notice of hearing was ordered to be served, and was served, on: Miss Elise Schnell, executrix of estate of Clara Lamb McCoy, deceased; Albert R. McCoy; Jane Lamb McCoy Daschbach; Seville Crawford Neuswanger and Margaret Kaminsky McCoy. In response to this application answers and pleadings were filed alleging as follows: Albert R. McCoy alleges he is entitled to all income from the trust fund of $100,000, in view of the death of his son, Crawford. He also alleges he is entitled to immediate payment of the corpus to himself. Jane Lamb McCoy Daschbach, his daughter, alleges the widow of Crawford McCoy is entitled to his one half of the income; denies Albert's request for immediate distribution of the corpus, and alleges that such distribution should not be made until the death of Albert. Margaret Kaminsky McCoy, widow of Crawford, and M. E. Mirth, administratrix of his estate, allege Crawford's one half of the income should be paid either to his widow, or to his estate. In view of our decision it is not important, but we will assume the estate is the party in interest. Board of Park Commissioners of Clinton allege the bequest of one half of income to Crawford has failed, and that as residuary legatee under the will, the income should be paid to the Park Board.

The district court decided Albert R. McCoy is entitled to all the income. It denied his right to immediate distribution of the corpus, but stated that if he lives until March 3, 1976, he will be entitled to the corpus. If he dies before that date the matter shall come before the court for determination as to the heirs of Clara Lamb McCoy. Albert did not appeal from order denying immediate distribution of the corpus. Appellants are Margaret Kaminsky McCoy, widow of Crawford, M. E. Mirth, administratrix of his estate, and Seville Crawford Neuswanger, mother of Crawford. Jane Lamb McCoy Daschbach has filed brief

and argument as an appellee. This appeal involves the one question as to whether Albert R. McCoy, son of Clara, or the estate of Crawford McCoy, grandson, is entitled to Crawford's one half of income for twenty-one years after the death of Clara, or until death of Albert, if sooner.

I. In considering the construction of a will the primary question is the intention of the testatrix as expressed in the will. In re Trusts of Young, 243 Iowa 211, 49 N.W.2d 769; In re Estate of Nugen, 223 Iowa 428, 272 N.W. 638; 57 Am. Jur., Wills, section 1133, page 726; Clapper v. Clapper, 246 Iowa 899, 70 N.W.2d 145; In re Estate of Syverson, 239 Iowa 800, 32 N.W.2d 799; Gilmore v. Jenkins, 129 Iowa 686, 106 N.W. 193, 6 Ann. Cas. 1008. This is elementary. Numerous additional citations could be made, which is unnecessary.

In Item 11, testatrix failed to provide for one contingency: the death of one of the two secondary life tenants, before the death of her niece Clara, the holder of the primary life tenancy. This contingency happened. There are four possible methods of payment of the one half of income left to Crawford if he had lived: 1. To his father, Albert, cobeneficiary of the bequest, under the theory of cross-remainder. 2. To estate of Crawford. 3. If bequest failed, to residuary legatee. 4. To be added to the corpus and distributed at the conclusion of the trust. We may dismiss the last two possibilities from our consideration. As to 3 this was the claim of Board of Park Commissioners of Clinton. The trial court decided against the Board, and it did not appeal. As to 4 same would so obviously be contrary to the intention of the testatrix that it need not be given consideration. All parties agree the intention of testatrix controls, but in view of the contingency not covered in the will, each party proposes a legal theory to assist in arriving at the intention. Appellants contend the life estates of Albert and Crawford vested at death of testatrix, and Crawford's life estate is an asset of his estate and should be paid to his estate, to be distributed according to law. Appellee contends the bequest was contingent, the rule of cross-remainder is effective, and the surviving cobeneficiary is entitled to the whole income.

In arriving at the intention of the testatrix we should first

give consideration to the wording and provisions of Item 11 itself. We should also give attention to the provisions of the will as a whole. An analysis of Item 11 indicates that in connection with this trust fund of $100,000 Mrs. Young had only her relatives in mind. She starts with her niece, Clara Lamb McCoy; her next provision is for Albert R. McCoy, son of Clara; then Crawford McCoy, grandson of Clara; finally she concludes that twenty-one years after the death of Clara the principal "shall be paid equally to the heirs of said Clara Lamb McCoy." This careful listing of relatives, and complete failure to indicate persons outside the family, is an indication that she intended to hold both principal and interest of this trust fund within the family circle. There is also an indication of the intention of testatrix in the provisions of the will as a whole. In ten other items of her will she made specific bequests, and added in case the beneficiary did not, for various reasons, secure the benefit of the bequest, it "shall become a part of my estate." Because of the residuary clause this means these items will pass to Board of Park Commissioners of Clinton. In Item 11 there is no such provision, again indicating she intended to keep this fund in the family.

Did the life estate of Crawford become vested in him on March 2, 1926, when Emma E. Young died, or was his interest in the nature of a contingent remainder? We have decisions of this court which assist us in arriving at her intention. Early decisions of this court such as Archer v. Jacobs, 125 Iowa 467, 101 N.W. 195, and Shafer v. Tereso, 133 Iowa 342, 110 N.W. 846, are not in accord with our more recent and our latest pronouncements on the subject. We have departed from our original rule in the later cases of Fulton v. Fulton, 179 Iowa 948, 162 N.W. 253, L. R. A. 1918E 1080; In re Will of Wolber, 194 Iowa 311, 189 N.W. 782; Saunders v. Wilson, 207 Iowa 526, 220 N.W. 344, 60 A. L. R. 786; In re Estate of Phearman, 211 Iowa 1137, 232 N.W. 826, 82 A. L. R. 674; Skelton v. Cross, 222 Iowa 262, 268 N.W. 499, 109 A. L. R. 129. Under this group of decisions we have adopted the common-law rule, where the facts are such as those present in this case.

In Fulton v. Fulton, supra, Justice Evans stated at page 957 of 179 Iowa, page 256 of 162 N.W.: " 'Remainders are either

vested or contingent. A vested remainder, whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons. Contingent remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect.' * * * [page 961] In this state the common-law rule presumptively prevails."

In In re Estate of Phearman, supra, Joseph Phearman provided in his will that his wife should have the income from his farm for life, and after her death the farm should become the property of his son, Charles H. Phearman, but Charles should pay to his sisters Emma and Ella each the sum of $2000. Ella died before her mother. The court said at pages 1142, 1143 of 211 Iowa, page 828 of 232 N.W.: "It will be observed that, in the will which we have before us, the testator does not will or bequeath the $2,000 to his daughter, but merely affixes to the devise of the 80 acres to his son the direction or condition that he pay her $2,000. When was he to pay it? After the death of his wife, and 'within one year' thereafter. Since there are no words of bequest, gift, or grant of the $2,000 to the daughter by the testator, except a direction or condition that the son shall pay, 'which, of course, means that, when the time arrives' for the payment, 'the interest' or right 'shall vest' * * * then, in the language of the cases, the charge upon the land, which is in the nature of a legacy, is 'future, not immediate, contingent, nor [not] vested.'" In this case Justice Wagner states a rule which is helpful in arriving at the true status of the interest of Crawford, as follows: " 'Where the only words of gift are found in the direction * * * to * * * pay at a future time, the gift is future, not immediate, contingent, nor [not] vested.'" This has reference to a distinction from use of the words "I will and bequeath to". In this case no such words are used with reference to Albert and Crawford. The direction being that "the income shall be paid".

In Skelton v. Cross, supra, decedent left a life estate to his

wife, or as long as she remained his widow. At her death or on her remarriage he gave and bequeathed the property to his son and daughter. If either died, then it should go to his or her children if they had any, otherwise to the survivor of the two children. The widow was still alive and unmarried at the time of the case. Levy of execution was made against the share of the son, who is the plaintiff herein. After citing the common-law rule, as heretofore stated, the court said at pages 266, 267 of 222 Iowa, page 502 of 268 N.W.: "Applying this rule to the will in question, can it be said that the estate is invariably fixed to remain in the judgment debtor, Skelton? Certainly not. For it plainly appears, and the intent of the testator cannot be misunderstood, that in the event of the death of M. R. Skelton, without issue, prior to the time of the termination of the particular estate, the surviving sister, Amy Ethel Curtis, takes the entire estate. Under many of our precedents which could be cited, similar provisions have been construed as vested estates, subject to defeasance or to be divested by the happening of a subsequent event. But under the common-law rule of vested remainders, as set forth above, and which seems to have been adopted in this state, it matters not whether the condition be precedent or subsequent. In either event the contingency renders the person who finally takes the estate uncertain and thereby destroys one of the elements of the definition of a vested remainder."

Under Item 11 of the decedent's will the income was to be paid equally to Albert and Crawford after the death of Clara. We have a dubious and doubtful contingency: the death of either Albert or Crawford prior to the death of Clara. Under the common-law rule as approved by this court there could be no vesting of the life estate in either Albert or Crawford at death of testatrix. The doubtful contingency happened; Crawford departed this life before Clara. His interest in the income was only a contingent remainder. The remainder being contingent on his living, nothing passed into his estate in view of his death before vesting.

The position taken by the Iowa court has been supported by similar decisions in many other states. Rhoda v. Alameda County, 134 Cal. App. 726, 26 P.2d 691; Brechbeller v. Wilson, 228 Ill.

502, 81 N.E. 1094; Bullock v. Wiltberger, 92 Kan. 900, 142 P. 950; Voorhees v. Singer, 73 N. J. Eq. 532, 68 A. 217; Adkison v. Blomquist, 128 Ore. 211, 274 P. 312; Blaney v. Sin Clair, 216 Pa. 258, 65 A. 662; Glover v. Stillson, 56 Conn. 316, 15 A. 752; 57 Am. Jur., Wills, section 1185.

██ II. Appellee contends Albert is entitled to all the income under the theory of cross-remainder. This means that if two or more persons are to receive a life estate and one departed this life prior to the death of the first life tenant, the surviving life tenant is entitled to all income. We must consider this on the basis of an aid in arriving at the intention of the testatrix. No identical state of facts has heretofore been directly before this court. There are many decisions from other jurisdictions approving this position. In re Estate of Du Plaine, 185 Pa. 332, 39 A. 947, 40 L. R. A. 552, 64 Am. St. Rep. 651; In re Monroe, 42 R. I. 412, 108 A. 497; Addicks v. Addicks, 266 Ill. 349, 107 N.E. 580, Ann. Cas. 1916B 709; Glover v. Stillson, supra; 57 Am. Jur., supra; Dana v. Murray, 122 N.Y. 604, 26 N.E. 21; Dow v. Doyle, 103 Mass. 489; Lombard v. Witbeck, 173 Ill. 396, 51 N.E. 61; Jones v. Cable, 114 Pa. 586, 7 A. 791; American Law Institute, Restatement of the Law of Property, Vol. 1, section 115.

The following analysis appears in 140 A. L. R. 845: "Where a testator gave his two sons named in the will all his farm 'as long as they do live, and after their death to their children,' it was held in Jones v. Cable, 114 Pa. 586, 7 A. 791, that upon the first son's death the surviving son was entitled to possession of the whole farm, the court construing the gift to make the two sons joint tenants by necessary implication, the statute abolishing joint tenancy notwithstanding. * * * Where a testatrix gave to two named beneficiaries the income from the residue of her estate both personal and real, share and share alike, during their lifetime, at their deaths the residue to be given to a public library, it was held in Re Monroe, 42 R. I. 412, 108 A. 497, that upon the death of one of the cobeneficiaries, the surviving beneficiary was entitled to the entire income of the residuary estate during her lifetime, and that the remainderman was not entitled to the share of the deceased beneficiary, the court stating that it was manifestly the intention of the testatrix that the two life beneficiaries

should take the income as joint tenants, and not as tenants in common, a statute abolishing the common-law rules as to joint tenancy notwithstanding."

In case of Addicks v. Addicks, supra, 266 Ill. 349, 350, 352, 357, 107 N.E. 580, 581, 583, B. Gerhard Addicks died testate leaving his widow, Anna, and four children. Gerhard gave his widow a life estate in a certain 80-acre tract and then provided: " 'I give, devise and bequeath to my two sons, George B. Addicks and Charles S. Addicks, to share alike the rent and income of the said tract of land * * * during their natural lives, subject, however, to the life estate of my said wife. After the death of my said sons * * *said tract of land shall be sold and the proceeds thereof shall be equally divided between all of my grandchildren, share and share alike.' " George died before his mother. George's children claimed they were then entitled to one half of the rents, but Charles claims he is entitled to all the rents during his lifetime. The court held the doctrine of cross-remainder became effective and that Charles was entitled to all the income during his life. The court stated: "It is not necessary that there be express words of limitation in a will to create cross-remainders, but they will be implied where necessary to carry out the testator's intention. This appears to us a proper case for the application of the doctrine of cross-remainders. The only expressed intention of the testator as to the children of George B. Addicks is that they shall share in his estate when the life estate of the two sons is terminated." The court further made this significant statement: "It is never allowable to apply the doctrine of cross-remainders to defeat the testator's intention, but such remainders are favored by the law to carry out his intentions. In our opinion the construction we have given the will of B. Gerhard Addicks gives effect to his intention."

In case of Glover v. Stillson, supra, 56 Conn. 316, 317, 15 A. 752, 753, the testator gave the residue of his estate to two sisters for the term of their natural lives, with a gift over after the decease of both sisters. One sister died before death of the life tenant and the court held that the surviving sister took the whole portion for her natural life for the reason that the devise was to the two sisters by name " 'for the term of their natural lives,' "

and the remainder provisions were prefaced with the words
" 'After the decease of both my said sisters.' "

In 57 Am. Jur., Wills, section 1185, supra, appears the
following statement: "Where a will creates an interest for life
in two or more persons with a remainder over upon the death
of the last survivor, and one of the life beneficiaries dies after
the testator but during the lifetime of his cobeneficiary or co-
beneficiaries, the intention of the testator as evidenced in the
will determines the proper disposition of the share of the de-
ceased beneficiary, but in many instances the determination of
such intention is a task of no little difficulty. As respects re-
sults, a majority of the cases have held that the share of the
deceased life beneficiary passed to the cobeneficiary or cobene-
ficiaries, upon the theory either that the language of the will
indicated an intention to create a joint estate in the life bene-
ficiaries, with the accompanying right of survivorship, or that
the gift must be regarded as one to a class or as one creating
cross-remainders by implication."

American Law Institute, Restatement of the Law of Prop-
erty, supra, section 115 states as follows: "When an otherwise
effective conveyance creates concurrent estates for life held as
a tenancy in common, and also creates a future estate limited
to take effect on the death of the survivor of the expressly des-
ignated life tenants, then, in the absence of a manifestation of
an inconsistent intent, such conveyance also creates in favor
of each such life tenant a remainder estate for life in the share
of each other such life tenant, which remainder takes effect in
possession only if the first life tenant outlives the life tenant
as to whose share such remainder estate is created."

We approve the doctrine of cross-remainder as applied to
the facts in this case. It is of assistance in arriving at the
intention of the testatrix. We do not construe the will as creat-
ing a joint tenancy by implication, but simply as establishing
cross-remainder in favor of surviving cobeneficiary.

III. We hold under the will of Emma E. Young, de-
ceased, there was no vested remainder in Crawford, and her
intention was that all income from this trust fund be paid to
the cobeneficiary Albert R. McCoy, for twenty-one years after

March 3, 1955, the date of death of his mother, Clara Lamb McCoy, or during his lifetime if he departs this life prior to the expiration of said period.

IV. The distribution of the corpus is not involved in this case. Albert alleged in his Answer he was entitled to distribution at this time. The trial court held against him. He did not appeal. The trial court expressed some dictum concerning the corpus, but this is not before us, so we will not consider the matter. It should be decided later, upon application of the trustee for instructions, if and when any changes take place.

The ruling of the trial court is affirmed.—Affirmed.

All JUSTICES concur.