AMOS G. HULL *vs.* JOSIAH G. CULVER.

A devise was as follows :—" I give all my estate to my beloved husband, to use during his natural life, and if he should want for his support to sell any part or

the whole of it for his maintenance, my will is that it shall be at his disposal."
Held—1. That the term "want" was to be construed as meaning "need." 2.
That the devisee was not to be the judge of his need, but it was to be a case of
actual necessity.

Where it was found that the devisee at the time of a conveyance made by him
had property more than enough to satisfy his indebtedness and to support him
in his accustomed mode of living up to the time when he died, which occurred
about four months afterwards, though it would not have been sufficient if he had
lived a year longer, it was held that it was not such a case of necessity as to
warrant the sale.

If not necessary that the devisee should be in a condition of immediate want, it
should at least appear that there was so much danger of it that the raising of
money had become reasonably necessary.

Where an estate for life is devised with power in the devisee to dispose of it at
his own discretion for his own use, he takes a fee.

EJECTMENT : tried in the superior court in New Haven
county, and reserved on a finding of facts for the advice of
this court.

The principal question in the case was as to the construc-
tion of the following clause in the will of Elizabeth Culver.
" I give all my estate to my beloved husband, Ransom Cul-
ver, to use and improve during his natural life, and if he
should want for his support to sell any part or the whole of
it for his maintenance, my will is that it shall be at his dis-
posal." The plaintiff was an heir at law of the testatrix.
The defendant was in possession of the premises, which were
a part of the estate devised, under a conveyance from Ran-
som Culver, the devisee. The facts with regard to the other
questions in the case are sufficiently stated in the opinion.

*Beach* and *Webster*, for the plaintiff.

*Dutton* and *Cothren,* for the defendants.

McCURDY, J.* It is accepted by both parties as an un-
doubted principle that when an estate for life is given with
power in the devisee to sell and dispose of it at his own dis-
cretion and for his own use, he takes a fee. The important

---

* This case having been submitted on briefs, Judge McCurdy took part in the
decision though not present at the term.

question in this case is whether the power of sale conferred by the will is absolute or contingent. This depends upon the construction to be given to the word " want," in connexion with the other language of the will and the facts found.

The term in itself is ambiguous, being very commonly used to mean " wish " or " desire," and as frequently in the sense of " need " or " require." The great object is of course to ascertain the intention of the devisor. If she had designed to give her husband the entire estate, it would have been very easy and very natural for her to have said it in short and direct terms, or to have placed the disposal of it at his discretion, without imposing a condition. But she gives him the disposal only " if he should want for his support to sell any part or the whole of it for his maintenance." This language very clearly implies a limitation or restriction of the power to a case of necessity. The sale is to be proportioned to the extent of the necessity.

The defendant however urges, certainly not without plausibility, that the husband was to be the sole judge of his necessity. But as we understand it, the contingency was to be his actual need and not his expectation or opinion of it. The authorities on this point seem to be conclusive. 1 Hilliard on Real Property, ch. 57, sec. 9 ; *Minot* v. *Prescott,* 14 Mass., 496 ; *Stevens* v. *Winship,* 1 Pick., 318 ; *Larned* v. *Bridge,* 17 id., 339.

The next question is, whether there was in fact a necessity for the sale. Upon this part of the case the finding of the court is very explicit. At the execution of the first deed it is found that there was not any necessity for the conveyance of the land for his maintenance or support, as he had property in his own right sufficient for that purpose. At the giving of the second deed it is found that he had property in his own right more than sufficient to satisfy his indebtedness, and to support him in his accustomed mode of living up to the time of his decease, which occurred about four months afterwards, although it would probably have been wanted had he survived a year more. Even if it were not required, in order to justify a sale, to show that the devisee was in a condition of im-

mediate want, it should at least appear that there was so much danger of it, that the raising of money had become reasonably necessary.

In our view of the case it is not important that we should decide as to the competency of Culver to make the second conveyance, but it may not be improper to say that our impression is against it.

Judgment should be rendered for the plaintiff.

In this opinion the other judges concurred.