Scheidt v. Crecelius.

## Scheidt et al. v. Crecelius et al., *Appellants.*

1. **Deed: will, power in.** Although a deed by the donee of a power under a will does not, in terms, refer to the will, it will be regarded as having been made in execution of the power conferred.

2. ———: ———: execution of power: ejectment: practice. A deed made by a person holding a life estate, under a will, with power to sell land in case of necessity, may be attacked in an action of ejectment, without first having it set aside in a court of equity, upon the ground that it was not necessary to sell, and that the sale was an abuse of the power contained in the will.

*Appeal from St. Louis County Circuit Court.*—HON.
W. W. EDWARDS, Judge.

AFFIRMED.

*M. F. Taylor* for appellants.

(1) There was a power conferred on Mrs. Wolff by
the terms of her husband's will. (2) Plaintiffs have not
selected the proper *forum* in which to assert their rights
under all the facts of the case as made. *Allen v. Bel-
chier*, 1 Leading Cases in Eq. [4 Eng. Ed.] 377 ; *Gale v.
Mensing*, 20 Mo. 461 ; *Bowlin v. Firman*, 28 Mo. 437 ;
*Porter v. Schofield*, 55 Mo. 56 ; *McQueen v. Farquhar*,
11 Vesey, Jr., 467. The consideration named in the
deed was of the very highest value. *Wright v. Tinsley*,
30 Mo. 389 ; *Gupton v. Gupton*, 47 Mo. 37 ; *Hamilton
v. Hamilton*, 59 Mo. 233 ; *West v. Bundy*, 78 Mo. 407 ;
*Anderson v. Shockley*, 82 Mo. 250 ; *Sharkey v. Mc-
Dearmott*, 91 Mo. 647.

*Wm. F. Broadhead* and *John W. McElhinney* for
respondents.

(1) The contingency in which Mrs. Wolff might
sell was to be her actual need, and not her opinion or
expectation of it. *Hill v. Culver*, 34 Conn. 403 ; *Stevens
v. Winship*, 1 Pick. 317, 327. (2) The court properly
submitted to the jury the question of the necessity of
making the conveyance. That was a question of fact,
to be tried like any other issue that might be submitted
to the jury. *Stevens v. Winship, supra; Hill v. Cul-
ver, supra; Cleveland v. Boerum*, 27 Barb. 252. The
happening of such a contingency is a condition prece-
dent to the execution of the power, and must be proved.
*Minot v. Prescott*, 14 Mass. 496; *Larned v. Bridge*, 17
Pick. 339 ; *Paine v. Barnes*, 100 Mass. 470. (3) It was

proper to attack the deed in a suit at law. It was not necessary to resort to equity to set it aside. *Stevens v. Winship*, 1 Pick. 317 ; *Hull v. Culver*, 34 Conn. 403 ; *Minot v. Prescott*, 14 Mass. 496. In ejectment plaintiff may defeat defendant's title under a deed by showing fraud upon creditors. *Chandler v. Bailey*, 89 Mo. 641. Conveyances executed under powers have often been attacked in suits in ejectment, the proper execution of the power being essential to the legal title sought to be conveyed. *Kinney v. Matthews*, 69 Mo. 520 ; *Pease v. Iron Co.*, 49 Mo. 124 ; *Goff v. Roberts*, 72 Mo. 570. (4) The claim that the Herbell children were *bona-fide* purchasers is not supported by the evidence.

NORTON, C. J.—This suit is by ejectment to recover possession of certain lands in St. Louis county, in which the plaintiffs obtained judgment, from which defendants have appealed.

The common source of title was admitted to be in one John D. Wolff, who died in January, 1846, leaving a paper admitted to probate as his will, so much of which as is necessary to a disposition of the questions arising in the case is as follows : That all the property which he and his said wife had in possession, be it personal or real estate, or outstanding moneys, that is, all of the specified property which legally belonged to him, should become the sole property of his wife, and should in fact, after his death, be a bequest, gift, and devise from him to her, and that she should, until her death, manage and dispose of it as she pleased, and that he desired to be understood as empowering her, in cases of necessity, to sell not only personal, but real property. He also desired that, after the death of his wife, the remainder of his property should be equally divided among his children and heirs, as follows : That the upper half of his landed property lying on the county road, together with the house standing on it, should

fall to his two eldest sons, John and Christian, and that the lower part, together with the buildings on it, should fall to his daughter, Elizabeth, and his youngest son, John George, as bequest.

It appears from the evidence, that, at the request of the widow, Eva M. Wolff, in the winter of 1846-7, a parol partition of the land, consisting of something over two hundred acres, was made, under which the four children took possession of their respective portions allotted to them, cultivated and improved the same. The portion of land in dispute in this suit fell to the daughter, Elizabeth, she being, at that time, married to one Hartman Herbell, who built a stone house on it and lived there. In 1856, or 1857, the said Eva, widow of said John, moved into the house and lived there with her daughter and family. In 1857, or 1858, said Herbell died, and the said Elizabeth, his widow, thereafter intermarried with one John Scheidt, and died in 1872. She had children by her first marriage, who are the defendants in this suit, and also children by the second marriage, who are the plaintiffs in this suit, and base their right to recover as heirs of said Elizabeth, under the will of said John D. Wolff, deceased. The children of said Elizabeth, by her first marriage, and defendants in this suit, claim the land in suit by virtue of a deed, executed by said Eva M. Wolff, in 1872, conveying to them a fee to the land in suit, after her life estate.

This deed was to take effect in possession after the death of said Eva; it recites that the land was sold in consideration of the sum of one dollar, and unpaid and indispensable services rendered, said services having been matters of necessity towards the maintenance and existence of said Eva, and in consideration of similar services yet to be rendered. Plaintiffs attacked this deed by evidence tending to show that the land was not sold or conveyed to provide for the necessities of said Eva,

but for the purpose of depriving the children of said Elizabeth by her second marriage of their interest in the land under the will, in consequence of the grantor's hostility to their father.

It appears from the record that by consent the issue tendered by this evidence was submitted to a jury in the following form : "Was the execution of the deed from Eva Magdalena Wolff to the defendants, read in evidence to the jury, necessary for the support and maintenance of the grantor, and made in good faith for the purpose of securing such support and maintenance?" The jury found the issue for plaintiffs and by consent a judgment was entered thereon for plaintiffs, and it is from this judgment that defendants have appealed.

It is contended by counsel that Mrs. Wolff was to be the sole judge as to whether her necessities required the sale of the land, and that having sold it under the power, the deed cannot be assailed at law. It may be conceded, as is contended, that Mrs. Wolff was the donee of a power under the will of her husband, and that, notwithstanding the fact that the deed to defendants did not in terms refer to the will, it is to be regarded as having been made in execution of the power conferred. *Campbell v. Johnson*, 65 Mo. 439. While this is so, it is clear, we think, from the terms of the will, that it was the intention of the testator to invest only a life estate in his wife with the power to dispose of the fee in case her necessities or actual needs required it, that her power to convey the fee was dependent on a contingency which must happen or exist before the power to thus dispose of the land could be called into exercise; and it appears from the record before us, that, by the consent of parties, the fact as to whether the necessity contemplated by the will existed at the time the deed was executed was submitted to a jury, and that the judgment by consent was rendered on their finding.

We do not understand that counsel insist that a

deed executed under such circumstances as to be a fraud on the power would be allowed to stand, but to contend that such a deed cannot be assailed in an ejectment suit, but should first be set aside in a court of equity. Precedents are not wanting showing that such a deed as the one in question can be successfully assailed in a proceeding by ejectment. Examples are to be found in the cases of *Hull v. Culver*, 34 Conn. 403; *Minot v. Prescott*, 14 Mass. 496; *Stevens v. Winship*, 1 Pick. 318. Two of these cases were ejectment suits and one a writ of right. The question in the case of *Hull v. Culver, supra,* which was ejectment, was as to the construction of the following clauses in the will of Elizabeth Culver, viz: "I give all my estate to my husband, Ranson Culver, to use and improve during his natural life, and if he should want for his support to sell any part or the whole of it for his maintenance, my will is that it shall be at his disposal." The plaintiff was an heir-at-law of the testatrix. The defendant was in possession of the premises which were a part of the estate devised, under a conveyance from Ranson Culver, the devisee. The heir recovered against the grantee in the deed, the court holding that the devisee only had the power to convey in case of necessity or need, and that he was not the sole judge of his necessity, but the contingency was to be his actual need, and not his expectation or opinion of it.

So in case of *Eitelgeorge v. Building Ass'n*, 69 Mo., at p. 55, it is held when the power in a deed has not been executed according to essential conditions the sale and deed. will be held void. See, also, *Powers v. Kueckoff*, 41 Mo. 425; *Koehring v. Muemminghoff*, 61 Mo. 403. The question of fact having been submitted to a jury, by consent, as to whether the needs or necessities of Mrs. Wolff required the sale to be made, neither their finding nor the judgment rendered upon it, will be disturbed, the evidence tending strongly to show that Mrs. Wolff's object in making the deed was simply to

deprive the children of the second marriage of her daughter Elizabeth of their interest under the will in the land conveyed.

We think that the judgment was, on the whole record, for the right party, and it is hereby affirmed. All concur, except Ray, J., absent.