PHILO LITTLE, ADMINISTRATOR *vs.* ALBERT P. GEER ET AL.

Second Judicial District, Norwich, May Term, 1897.   ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

After directing the payment of his debts and bequeathing his watch and chain to his wife, the testator also gave to her the "use, income, improvement and avails of all the rest and residue" of his estate, real and personal, "for her to have, hold, use, possess and enjoy, so long as she remains my widow, or until her decease;" and in case the income should " be insufficient for her comfortable and proper maintenance and support," authorized his executor to sell so much of the estate, real or personal, as he might deem necessary, and use the avails

412 JULY, 1897.

Little, Admr. *v.* Geer et al. Vol. 69

for such purpose. The will then provided that on the decease or re-marriage of his widow "all the rest and residue" of his estate should be divided and distributed to certain named legatees and devisees; and to enable the executor the more easily to divide and distribute "what shall remain of my said estate on the decease or marriage of my said wife and which she shall not have used during her life or widowhood," he was authorized and empowered to sell and convey at his discretion all or any part of the estate, real or personal. The will named *S* as executor. A codicil declared that "besides giving my wife the use and income of all my estate" as written in my will, "I now by this codicil give and bequeath to her the privilege of using as much of the principal as she may desire for her comfort and maintenance, with full power and authority to sell and legally convey any of my estate, both real and personal, as she may see fit, and to freely use the avails thereof as long as she remains my widow." The codicil also named the wife as exec-utrix, in place of *S*. In a suit to determine the construction of the will it was *held* :—

1. That the widow did not take an absolute estate in the rest and residue.
2. That she was entitled to the possession of the real estate; while the possession of the personalty would be regulated by the provisions of § 559 of the General Statutes.
3. That the widow was limited to what was requisite for her "comfortable and proper maintenance and support."
4. That so long as she conducted reasonably and in good faith, the amount to be appropriated for her support must be left to her own discretion; but if wasteful or unreasonable she might be restrained by a court of equity upon complaint of any of the remaindermen.

[Argued May 25th—decided July 13th, 1897.]

SUIT to determine the construction of the will of Jere-miah C. Geer of Groton, deceased, brought to the Superior Court in New London County and reserved by that court, *Ralph Wheeler, J.*, upon the facts stated in the complaint, for the consideration and advice of this court.

The material portions of the will were as follows :—

"*First.* I will, order and direct, that my executor herein-after named, pay all my just debts and funeral charges.

"Then, I give, devise and bequeath unto my wife, Juliette Geer, my gold watch and chain and ornaments belonging to the same.

"I also give, devise and bequeath to my beloved wife, Juliette Geer, the use, income, improvement and avails of all the rest and residue of my estate, whether real or personal, wherever the same may be situated and of whatever it may

consist, for her to have, hold, use, possess and enjoy, so long as she remains my widow, or until her decease, and in case the use and income of my said estate, real and personal, shall be insufficient for her comfortable and proper maintenance and support, then I authorize and empower my executor to sell any and such of my estate, either real or personal, according to his best judgment as he shall deem necessary, and to appropriate and freely use the avails arising from such sale for her proper and comfortable maintenance and support.

" *Then* upon the decease or marriage of my said wife, Juliette Geer, I will, order and direct, that all the rest and residue of my estate, both real and personal, be divided into ten (10) equal parts or shares except the following item :

" I give, devise and bequeath to my daughter, Eliza Bliven, wife of Henry Bliven, the sum of one dollar, because I have done liberally by her in years past.

" I give, devise and bequeath to my son Jeremiah C. Geer, Jr., two (2) of such parts or shares.

" To my son, Albert P. Geer, two (2) of such parts or shares.

" To my daughter, Mary Ann C. Welch, wife of Albert Welch, two (2) of such parts or shares.

" To my daughter, Victoria M. Case, wife of Frank Case of Greenport, Long Island, two (2) of such parts or shares ; and the remaining two (2) shares or parts to Mortimer Edgar Williams, otherwise called Edgar M. Geer.

" To enable my executor the more easily to divide and distribute what shall remain of my said estate on the decease or marriage of my said wife, and which she shall not have used during her life or widowhood, into tenths as aforesaid, I hereby authorize & empower him at his discretion to sell all or any part thereof, whether real or personal, and to execute any and all proper instruments for the conveyance of the same.

" *Lastly* I nominate, constitute & appoint Walter J. Starr of the town of Groton, County of New London, State of Connecticut, executor of this my last will and testament,

hereby revoking and annulling all other wills by me made before this time."

The codicil reads as follows: "I, Jeremiah C. Geer, of Groton in the County of New London, State of Conn., do make this codicil to my last will and testament dated July 30th, 1889, *viz*: Besides giving my wife, Juliette Geer, the use and income of all my estate as therein written.

"I now by this codicil give and bequeath to her the privilege of using as much of the principal as she may desire for her comfort and maintenance with full power and authority to sell and legally convey any of my estate both real and personal as she may see fit, and to freely use the avails thereof as long as she remains my widow.

"Since making the foregoing will Walter J. Starr, who was named as executor, has removed from the State. I now name constitute and appoint my wife, Juliette Geer, executrix of my said will and this codicil, instead of said Starr, without her giving bonds."

It appears that Mrs. Geer declined to be the executrix of her husband's will, and that the plaintiff was appointed administrator with the will annexed. She was the second wife of the testator. He had children by a prior marriage, and, it is stated, she had children by a former husband.

*A. P. Tanner*, for Juliette Geer, widow of the testator.

*Solomon Lucas*, for the other defendants.

ANDREWS, C. J. There are four questions propounded in the complaint on which the advice of this court is asked:

"*First.* Does the widow of the testator, the said Juliette Geer, take by said will and codicil an absolute estate in the rest and residue of the estate referred to in said quoted sections?

"*Second.* If the said widow does not take an absolute estate, by whom should the same be held during her widowhood, and to whom should the plaintiff deliver the same?

"*Third.* Is the widow's right to said estate confined to

what she may require for a liberal, comfortable maintenance
during her widowhood?

" *Fourth.* Is the amount that she may appropriate for that
purpose subject to the determination of the Court of Probate,
in case of a dispute that she is appropriating more than she
ought? "

The language of the will, read in the light of the facts,
indicated that the testator did not intend to give his wife an
absolute estate in the whole of his property. The use of all
his property is given to her during her widowhood. He de-
sired to provide liberally for her during that period; but he
remembered also his children and grandchildren, who were
his heirs, and intended that they should take something from
his estate. He evidently expected there would be something
left after the death or re-marriage of his widow.

In answer to these questions we say: *First.* No ; the
widow does not take an absolute estate in the rest and resi-
due. *Peckham* v. *Lego,* 57 Conn. 553 ; *Mansfield* v. *Shelton,*
67 id. 390. *Second.* The possession of the real estate be-
longs to the widow, to whom the plaintiff should deliver it.
The possession of the personal property is regulated by § 559
of the General Statutes. If held by a trustee, he may be re-
quired to give a bond for its safe-keeping. She would hold the
personal property as a trustee for those entitled to the remain-
der. *Third.* The widow is confined to what she may require
" for her comfortable and proper maintenance and support."
*Fourth.* So long as the widow conducts reasonably and in
good faith, the amount she may appropriate for her own sup-
port must be left to her own discretion. If, however, she
should indulge in wastefulness, or should seek to appropriate
to her own use more of the estate than is reasonable for her
support as stated in the will, then she may be restrained by
a court of equity on the complaint of any of the remainder-
men.

The Superior Court is advised to render judgment in ac-
cordance with this opinion.

In this opinion the other judges concurred.