HARTFORD–CONNECTICUT TRUST CO. v. EATON, Collector of Internal Revenue.

District Court, D. Connecticut. December 21, 1928.

No. 3291.

Francis W. Cole, of Hartford, Conn., for plaintiff.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., for defendant.

THOMAS, District Judge. This is an action brought to recover $18,940.13 paid by the plaintiff to the defendant under protest, as a tax on gain derived from the sale of certain securities. The defendant has demurred to the complaint and has also filed a motion to dismiss, both upon the ground that the complaint does not state facts sufficient to constitute a cause of action. We must, therefore, assume that the facts alleged in the complaint are true.

According to the allegations of the complaint Frank C. Sumner, by his will, appointed the plaintiff trustee of his residuary estate, consisting of real estate and securities, and directed that the net income of the trust be paid quarterly, or more often if needed to his widow for life. Upon her death the residuary estate was to be distributed in certain amounts to certain educational and charitable institutions. The complaint further alleges that the will contained the following clause: "I further give to my said trustee power to pay to or for the benefit of my said wife any part of the principal of the trust fund which it may deem necessary or advisable for her comfortable maintenance and support."

It is also alleged that the testator died on December 9, 1924, and his widow died August 11, 1927. During 1926 some of the securities in the residuary estate were sold, and a gain was realized over their appraised inventory value of $122,843.26. The trustee filed an income tax return exhibiting this gain as income, and was assessed an income tax of $18,940.13, all of which has been paid. In the complaint are the usual allegations concerning the making of a claim for abatement and the rejection of the claim by the Commissioner of Internal Revenue.

The complaint further alleges that the widow "lived in a reasonably modest way considering the large income which she was entitled to receive from said trust fund and both before and after her husband's death her character, tastes, standard of living and general situation including the fact that she had some financial resources of her own were such that there was at no time any reasonable possibility that the plaintiff as trustee would deem it necessary or advisable to use any part of the principle of the trust fund for her comfortable maintenance and support."

The theory of the plaintiff's claim, while more elaborately expressed in its briefs, may perhaps be best summarized by quoting paragraph 21 of the complaint. It alleges:

"In computing the income of said trust for the calendar year 1926 the plaintiff included gains realized on the sale of securities as hereinbefore alleged, said gains constituting, as hereinbefore alleged, a part of the corpus of the residuary trust fund, the corpus of said fund under the terms of said will, subject to the life estate in the widow of the testator, being bequeathed and devised to the exempt institutions hereinbefore mentioned. Under the provisions of said paragraph (1) of subdivision (b) of section 219 of the Revenue Act of 1926, the plaintiff was entitled to a deduction of the amount of said gains because the same were, within the meaning of said paragraph 'permanently set aside' for said institutions."

It is apparent that the plaintiff uses the term income in two senses: At one time and for one purpose, the word is given the significance that it has in the context of the Revenue Act; at another time, the suppositious meaning of the testator is ascribed to it.

When the securities were sold at a profit over their inventory value (and the court assumes that the inventory value is the value given them in the inheritance tax schedules), income accrued to the trust. To say that the cash was but a transformation of the corpus is to beg the question. Such a statement would be equally true of the sale of any one's property at a profit or loss, be it lands, mer-

chandise, or securities. It is at the moment of transformation that profit or loss is realized, and as to securities such transformation is essential before profit or loss may be computed. It is equally clear that the income was taxable, regardless of the certainty or status of the beneficiaries, unless it was otherwise exempt.

The claim for exemption must rest upon the proposition that this income was not payable to the life beneficiary, but that it was payable to the exempt remaindermen; in other words, that this income remained under the terms of the will a part of the corpus of the estate. There is no claim that the income, as income, was payable to the institutions named in the will. Under the will the income of the trust was given to the widow. We may, for the moment, disregard the power given the trustee to apply, in its discretion, any portion of the principal to the use of the widow. We have not been favored either with a judicial construction of the will, or with the text of the same. It may well be that the realized gain from the sale of these securities was, under the terms of the will income, payable as such to the widow. ■ Whether the appreciation in value of a trust estate is income payable to the life beneficiaries, or is integrated into the corpus reserved for the remaindermen, is often a difficult question to be determined upon a close analysis of the testamentary text. As already noted, the text of the will is not before us. But here, in paragraph 11, the pleader alleges that:

"Said gain from the sale of securities referred to above in paragraph 7 of this complaint *under the terms of said will formed a part of the principal* of the trust fund and was during said year 1926 reinvested by the plaintiff as part of the capital of said trust fund and the transaction in question constituted a mere transformation of a part of the corpus of said fund."

In the absence of the will I must regard this as an allegation of fact, the same as if the legal effect of a written contract was pleaded. Such fact is admitted by the demurrer. I must, therefore, proceed upon the assumption that this income was not trust income payable to the widow.

So, if it was not payable to the widow, then to whom was it payable? Obviously, and in the first instance, this alienation was suspended in the same manner as that of the corpus of the estate. The increment would be distributable along with the corpus to the named charitable institutions upon the termination of the life interest. Would that circumstance, in and of itself, render this income exempt from taxation?

The relevant statutes will be found in sections 214 (a) and 219 (b) of the Revenue Act of 1926. To guide us in a consideration of the question just propounded, recourse must be had to the language of section 219 (b) and it is there provided:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—(1) There shall be allowed as a deduction * * * any part of the gross income * * * which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph 10 of subdivision A of section 214, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes." 44 Stat. 32.

Section 214 (a) provides, so far as is here pertinent:

"In computing net income there shall be allowed as deductions: * * * (10) Contributions or gifts made within the taxable year to or for the use of: * * * (B) Any corporation or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes; * * * no part of the net earnings of which inures to the benefit of any private share holder or individual. * * *" 26 USCA § 955.

■ It will thus be seen that the statute regards the trust not only as a distinct res, but a sort of juridical person capable of acquiring an income. Such income is taxable, but any part of it actually paid or permanently set aside to charitable uses may be deducted. While it appears that this income was not paid to the institutions mentioned, it is nevertheless alleged in paragraph 11 of the complaint that:

"Said gain from the sale of securities was during 1926 permanently set aside for said exempt institutions, namely, the Wadsworth Atheneum, the Hartford Hospital and Trinity College, being so permanently set aside within the meaning of paragraph (1) of subdivision (b) of section 219 of said Revenue Act of 1926."

The vice of this pleading is that it avers nothing other than a legal conclusion. Had the pleader stopped after the words "Trinity College," he would have alleged an ultimate fact, but when he avers that this segregation was accomplished within the definition of the statute he tells us nothing. We do not know

what meaning the pleader places on the words of the statute. We do not know what were the facts which square with that meaning.

If the exemption is dependent upon the segregation of this income to charitable and educational uses, then the pleading at bar is inadequate. But I am not certain that the exemption is so restricted, for the language of the statute reads:

"There shall be allowed as a deduction * * * any part of the gross income * * * which pursuant to the terms of the will * * * is to be used exclusively for religious, charitable, * * * or educational purposes."

If payment or segregation of the income was a condition precedent to exemption, then the phrase "is to be" must be given the meaning of the word "is." In other words, the phrase "to be" must be deleted. But by what warrant may we do this? The retention of the words "to be" does not create an inner contradiction or oppugnancy which atrophies the text. Where any part of the income has, during the taxable year, been permanently set aside for ultimate payment to a corporation, trust, or community chest fund, it is exempt. Where any part of the income under the will is to be used for charitable purposes it is exempt. Conceivably, discretion may be vested in a trustee to pay income either to a personal cestui que trust or to a charitable institution. Conceivably income may, under certain contingencies provided for in the will, shift from personal beneficiaries to charitable institutions. In such a case, if the income is actually and permanently set aside for the institution, then it is exempt. But, if by the terms of the will, the income is to be payable to charitable uses, it would be exempt without further ado.

The remaining question is: What effect has that provision of the will whereby the trustee is empowered in its discretion, to pay any portion of the principal to the widow? The question has been elaborately argued by both counsel as if the inheritance tax, instead of the income tax, is involved. It may indeed be true that, for the purpose of determining the base upon which to calculate the inheritance tax, a discretionary power vested in a trustee to abstract from the corpus of the trust estate and to deliver the same to the life beneficiary, avoids the exemption. Not only practical considerations connected with the administration of the law of inheritance taxes, but a consideration of the whole frame of the statute contribute to this result.

The federal inheritance tax is not levied upon the separate bequests or devises, but it is imposed upon the transfer of the entire net estate. It is not only payable by the executor or administrator, but it is a lien upon the entire estate. For the purpose of the tax the value of the estate is its actual gross value minus certain deductions. Among these deductions is the amount of bequests intended to take effect in possession to or for the use of any corporation organized exclusively for charitable purposes. Death transfers the assets. In other words, death furnishes the immediate warrant for the imposition of the tax, though the amount is determinable in the future. In inheritance cases we start from the premise that an inheritance exists. The burden of proving the exemption rests upon the representative of the estate. Where, under the terms of a will, the corpus of a trust may never take effect in possession to the use of a charitable corporation—in other words, where the exemption is contingent—it will not be regarded as in esse. In such case, therefore, it will not be deductible.

But the assumed analogy between the income tax law and the law of inheritance taxes is superficial. As death creates the warrant for the tax, regardless of the paths by which the estate descends, it becomes necessary for the representative, if he would establish an exemption, to show, not merely that the legacy or devise *may* travel to exempted fields, but that it *must*. But a tax on income must primarily be predicated on income already in esse. Income which merely *may* accrue is not and cannot be the subject of a tax. If, therefore, under the terms of a will, income is payable to exempted beneficiaries, it may not be taxed, even though a power lodges in the trustee to divert it to nonexempt fields, because, under such circumstances, while it *may* become income to the personal beneficiary, nevertheless, until it actually accrues to him, it is not income to him. It therefore remains income "to be used" for charitable purposes. Upon actual diversion, it may be taxable either as income of the trust or as income of the person to whom it was paid.

I therefore conclude that the provision in the will under which the trustee was empowered to pay any part of the principal of the trust fund to the widow did not serve to nullify the exemption accorded to this income under the statute imposing income taxes.

The demurrer is therefore overruled, the motion to dismiss is denied, and an order to that effect may be submitted.