## HARTFORD–CONNECTICUT TRUST CO. v. EATON, Collector.

Circuit Court of Appeals, Second Circuit.
December 16, 1929.

No. 90.

John Buckley, U. S. Atty., and George H. Cohen, of Hartford, Conn. (.C. M. Charest, Gen. Counsel, and T. H. Lewis, Jr., and E. J. Dowd, Sp. Attys., Bureau of Internal Revenue, of counsel), for appellant.

Robinson, Robinson & Cole, of Hartford, Conn. (Francis W. Cole, of Hartford, Conn., of counsel), for appellee.

L. HAND, Circuit Judge. The case arises upon demurrer to a complaint at law to recover income taxes collected over the plaintiff's protest. The facts as alleged were as follows: Sumner, the testator, domiciled in Connecticut, made a will in which he bequeathed the residue of his estate of over $1,000,000 to the plaintiff as trustee, to pay the income to his wife during her life, remainder to certain charities. This bequest contained the following clause:

"I further give to my said trustee power to pay over to or for the benefit of my said wife any part of the principal of the trust fund which it may deem necessary or advisable for her comfortable maintenance and support."

The widow lived in a "modest way," considering the income of her husband's estate and her own resources, and "her character, taste," and "standard of living" were such "that there was at no time any reasonable possibility that the plaintiff as trustee would deem it necessary or advisable to use any part of the trust fund for her comfortable maintenance and support." During the year 1926 the trustee sold some securities from the residue and realized a profit. The question was whether it should have returned this profit as part of the income accruing during the widow's life.

We need only consider whether Ithaca Trust Co. v. U. S., 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. 647, rules this case. It is not significant that that case concerned an estate tax, though perhaps it was that the beneficiary, not the trustee, was the donee of the power. The court relied upon the limitation that her use of the principal was to be only so far as "may be necessary to suitably maintain her in as much comfort as she now enjoys." As the income was enough so to maintain her, it was held that there was a fixed standard, and that the possibility that the income might be reduced to a point where it would not be enough to meet it involved no more uncertainty than was inherent in any human forecast.

In the case at bar the phrase, "proper support and comfort," is not so limited, and the question depends upon how the courts of Connecticut interpret such a provision. In Hull v. Culver, 34 Conn. 403, the will gave to the husband the right to dispose of the corpus, "if he should want for his support to sell any part of the whole of it for his maintenance." The court decided that he had no right to use the corpus, since he had property of his own sufficient "to support him in his accustomed mode of living." It ought to have appeared that there was so much danger of his "immediate want" that the disposition was "reasonably necessary." In Peckham v. Lego, 57 Conn. 553, 19 A. 392, 393, 7 L. R. A. 419, 14 Am. St. Rep. 130, the life tenants

had a right to encroach, "should it be necessary for their personal comfort," a phrase interpreted as meaning "necessary for their support," and this was to be determined "in reference to the situation and condition in life" of the donees. The decree limited withdrawals to what should be proper to maintain the life tenants "in a manner suitable to their condition and circumstances in life." In Little v. Geer, 69 Conn. 411, 37 A. 1056, 1057, the executor was given power, in case the income was "insufficient for her [the widow's] comfortable and proper maintenance and support," to sell the corpus "according to his best judgment, as he shall deem necessary." In a construction suit it was held that the widow, who had been made executrix by a codicil, might appropriate the corpus for her support in "her own discretion," "so long as the widow conducts reasonably and in good faith." She must not "indulge in wastefulness or * * * seek to appropriate to her own use more of the estate than is reasonable for her support."

Reed v. Reed, 80 Conn. 401, 68 A. 849, 850, departed from these cases, though it did not overrule them. The will gave the widow a right to use the corpus "for her comfortable support and maintenance," and she was appointed executrix without bond. She used a part of the principal, though the income was sufficient for all her needs according to her habit. The superior court had held that she was limited in her use to what was necessary for her living, and this the Supreme Court of Errors reversed, holding that her own judgment, if in good faith, was controlling and that the remaindermen had no complaint, though she was "extravagant and wasteful" and had expended "an unreasonable amount in her support and maintenance." The distinction between this will and that in Little v. Geer was thought to lie in the attendant circumstances, particularly in the relationship to the testator of the remaindermen. Hooker v. Goodwin, 91 Conn. 463, 99 A. 1059, 1060, Ann. Cas. 1918D, 1159, followed, in which the will provided that if the income was not enough "for the support" of the widow and children, she might use as much "as may be necessary." While the circumstances were held to be such as allowed her to encroach, the test was said to be "maintenance in a manner suitable to her station and condition of life under the circumstances and situation presented in each case." Even so the widow was not "the sole judge of what is a sufficient support for herself and children"; it must be found that the amount was "necessary." In Birge v. Westport Bank, 101 Conn. 39, 124 A. 846, the testatrix's husband was controlled in the exercise of a similar power, but as that was a case of clear abuse, the decision is not relevant.

It will be observed that in all these cases the determination of the amount was either left to the beneficiary or he was made fiduciary by the will. Yet, with the exception of Reed v. Reed, in all the court imposed a limitation, couched generally in such clauses as that the withdrawal must be necessary according to the circumstances or station of life of the beneficiary. We can understand this in no other way than as importing the condition that, with due regard to changes in cost, the power is intended only to secure to the beneficiary the kind of living to which he is used and as interpolating the words expressly used in the will under consideration in Ithaca Trust Co. v. U. S. Indeed, it is patent that in the ordinary case this is all that a testator really wants, and all that the beneficiary needs. Reed v. Reed, we think, depends upon the particular facts there involved.

■■ In the case at bar the power was not granted to the widow, nor was she the trustee. Moreover, it was not personal to the plaintiff (Russell v. Hartley, 83 Conn. 654, 78 A. 320), since the circumstances and language were not like those in Whitaker v. McDowell, 82 Conn. 195, 72 A. 938, 16 Ann. Cas. 324, and Security Co. v. Snow, 70 Conn. 291, 39 A. 153, 66 Am. St. Rep. 107. Hence it did not follow, because the plaintiff would never have used the corpus, that a substituted trustee would not. We cannot take the allegations of the complaint, even on demurrer, as necessarily forecasting the judgment of such a trustee, and we are compelled to decide whether the power in this will authorized the donee to go beyond the standard set by the widow's habitual way of life.

Certainly the grant of such a power to the beneficiary implies more than when the trustee is the donee; he is to exercise some control. Hence it cannot be that, if the beneficiary is limited, the trustee is not. The cases we have cited are therefore in point—more in point, so to say, here than when the beneficiary is donee. They decide, we think, that while there was, of course, some latitude of choice with which the remaindermen could not interfere, the trustee was limited to the support of the widow according to her "station in life"; that is, according to her wont. The

fact that the remaindermen were charities is indeed material, but it is not controlling; Sumner's purpose was to provide for his wife as she had been living, but to give the rest of his estate to these institutions. While the complaint is not, indeed, drawn to meet the critical issue as we view it, still we think that the allegation that the plaintiff would never have found it necessary to use the corpus for her support must be understood to mean that the income was enough for that support according to her habit.

Judgment affirmed.