## HARTFORD–CONNECTICUT TRUST CO. v. EATON, Collector of Internal Revenue.

### No. 3515.

District Court, D. Connecticut.
Oct. 2, 1934.

Robinson, Robinson & Cole of Hartford, Conn. (Ernest W. McCormick, of Hartford, Conn., of counsel), for plaintiff.

Franklin F. Korell, of Washington, D. C., and George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., for defendant.

THOMAS, District Judge.

Plaintiff filed an income tax return as trustee for the estate of Frank C. Sumner, late of Hartford, deceased, for the calendar year 1926. The return showed a net income of $110,550.51 on which the trustee paid a tax of $18,940.13.

Subsequently the plaintiff sought a refund of this amount, contending that $122,843.26 of the reported gross income was not taxable and that there was no taxable income. Refund having been refused by the Commissioner of Internal Revenue, plaintiff brought suit for the recovery of the total amount of the tax paid plus interest. On May 27, 1929, this court rendered judgment for the full amount of the tax together with interest and costs, which judgment was, on December 16, 1929, affirmed by the Circuit Court of Appeals and

is reported in 36 F.(2d) 710. The Commissioner then refunded the entire tax with interest. The decision of this court, 29 F.(2d) 840, and of the Circuit Court of Appeals, was based on the fact that the item of $122,843.-26, which represented gain on the sale of certain assets of the trust estate was "to be used exclusively for religious, charitable, scientific, literary or educational purposes" and therefore exempt from taxation under the provisions of section 219 (b) of the Revenue Act of 1926 (26 USCA § 960 note).

Thereafter, and on May 27, 1930, the Commissioner of Internal Revenue notified plaintiff that he had recomputed the tax and found a deficiency of $881.49 based upon the following computation:

```
Net income reported in return............. $110,550.51
Less profits exempt.............. $122,843.26
Plus fiduciary income........... 42,764.50 80,078.76

Adjusted net income....................... $ 30,471.75
Less dividends................... 43,454.50
Personal exemption.............. 1,500.00 44,954.50

Amount subject to normal tax............. none
Amount subject to surtax................. 30,471.75

Surtax on $30,471.75........................ 917.74
Less income tax paid at source........... 36.25

Deficiency claimed ........................ $ 881.49
```

This deficiency was assessed, and on February 19, 1931, plaintiff paid the amount, together with $206.07 interest, aggregating $1,087.56. Refund was claimed, and upon denial thereof plaintiff brought this suit to recover $1,087.56.

 Plaintiff predicates its right to recover on three grounds: First, that the item of $42,764.50, on which the additional tax was based, was income distributable to the life beneficiary under the terms of the will, and therefore a deduction from gross income and nontaxable; second, that said amount was used for the benefit of charitable corporations and therefore nontaxable; and, third, that the decision in the former case is res adjudicata and was a final determination that no income tax was due for 1926. On the other hand, defendant contends that because the widow of the decedent elected to take under the will, in lieu of taking her statutory share or interest in his estate, she took the income distributed or distributive to her under the terms of the will by purchase, and the payment to her was chargeable to corpus and not to income of the trust; that therefore the amount was not deductible from gross income, at least until the amount received by her equaled the value of the statutory share which she renounced. Defendant also contends that the amount received by her during her lifetime did not equal the value of the statutory share renounced.

If the $42,764.50 was paid to the widow as current distributions of income, according to the directions in the will, it was undoubtedly deductible by reason of express provisions of the statute and in that case plaintiff must prevail. Defendant, to meet this point, says that Mrs. Sumner took by reason of a purchase, for a consideration, to wit, the renunciation of her statutory rights, and not as a distributee of income. He says, therefore, that the distributions to Mrs. Sumner must be charged to corpus, and that the income remained in the trustees. But if we adopt this argument, we are confronted by the fact that the income remaining in the hands of the trustee "is to be used exclusively for religious, charitable, scientific, literary or educational purposes." It could not have been intended to be used for later payments to Mrs. Sumner, for all such payments, according to defendant's contention, must be charged to corpus. In any event, the amount paid to Mrs. Sumner, if paid as consideration for her renunciation of her statutory rights, was used for the benefit of the corporate charitable and educational institutions because, if the widow took by purchase, the charitable and educational beneficiaries also took by purchase to the extent that funds of the estate which would otherwise have gone to them were used to pay her for the value of the statutory rights which thereupon accrued to them. Under any theory, a sum equal to the amount paid to Mrs. Sumner is deductible from gross income.

The Supreme Court of the United States, in Helvering, Commissioner of Internal Revenue, v. Butterworth et al., Trustees, and two other cases, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, held that where a will, after certain bequests, gave the residue of the estate to trustees,—directions to pay the net income to the widow, and she accepted under the will and surrendered the rights granted her by the state laws, she was a beneficiary of income under the will for tax purposes, and in no proper sense the purchaser of an annuity. On page 370 of 290 U. S., 54 S. Ct. 221, 222, Mr. Justice McReynolds said: "When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary

220

and we think she should be so treated." The Supreme Court, therefore, held that the trustees were entitled to deduct the amounts paid to the widow in each case.

But this decision is not conclusive of the instant case for the reason that a fourth case, Helvering v. Pardee et al., Trustees, discussed and decided in the same opinion was distinguished. In this latter case the will directed the trustees to pay the widow an annuity of $50,000 at all events. She elected to take under the will. The annuity did not depend upon income from the trust estate, although the amounts paid apparently did not exceed the net income. The Supreme Court held that since the charge was upon the estate as a whole, the payments to the widow were not distributions of income, but in discharge of a gift or legacy.

In the case at bar, the will directed that all the net income be paid to Mrs. Sumner, and also any part of the principal which the trustee might deem necessary or advisable for her comfortable maintenance and support. This provision of the will encroached upon the principal in the same manner as the provision of the will in the Pardee Case, supra. It created a charge upon the estate as a whole. It may well be, therefore, that the payments to Mrs. Sumner were not distribution of income, but in discharge of a gift or legacy.

Nevertheless, the amount paid to Mrs. Sumner, or an equal amount, is deductible by plaintiff. If it was paid to her as income, as in the Butterworth Case, it is deductible for that reason. If it was paid to her in discharge of a gift or legacy, as in the Pardee Case, it was not a distribution of income, and therefore the entire income of the estate was held by the trustee to be used for charitable or educational purposes, as directed by the will. It is accordingly unnecessary to decide whether the aggregate amount paid Mrs. Sumner equaled the value of the statutory share renounced.

█ I also hold that the assessment and collection of the tax herein was barred. The use of the term res adjudicata in this connection seems to me to be a misnomer, but the allegations of the complaint sufficiently advise the court of the facts so as to entitle the plaintiff to a decision that the assessment and collection of the tax were unauthorized. If the Commissioner had had grounds for the tax herein, the refund of the previous tax in its entirety would have been an erroneous refund for which the Commissioner had only one redress fixed by statute. He should have brought suit within two years after the refund for the amount alleged to have been erroneously refunded. Section 610, Revenue Act of 1928 (26 USCA § 2610). In view of the above and foregoing conclusions of law and fact, it is unnecessary to consider any other questions argued by counsel.

It follows, therefore, that the plaintiff is entitled to recover judgment against the defendant in the sum of $1,087.56 with interest from February 19, 1931, together with costs of suit.

The above and foregoing contain all the findings of fact and conclusions of law deemed pertinent to the issue raised by the pleadings. Submit order accordingly properly consented to as to form.